[No. 7,663.—In Bank.]

## PEOPLE EX REL. JOHN H. BURKE v. ALEXANDER BADLAM.

TAXATION, DOUBLE — CONSTITUTIONAL LAW.—The Constitution does not authorize or require, but forbids the double taxation of property.

ID. — ID. — CORPORATE PROPERTY. — STOCKHOLDER.— It would be assessing the same property twice to assess to a corporation all of its corporate property, and also to assess to each of the stockholders the shares held by him.

ID.—ID.—ID.—ID.— The Legislature has the power to declare that the corporate property of a corporation shall be assessed to the corporation, and that the same property shall not be again assessed against the stockholders.

ID.—ID.—ID.—ID.—McKINSTRY, J., concurring, was of opinion that it was not necessary in this case to decide whether the Constitution forbids double taxation, but only that the Constitution does not command it, and that the Legislature has prohibited it.

APPLICATION for mandamus.

*John Trehane*, for Plaintiff.

The first section of article 13 of the Constitution is self-executing and mandatory. (*McDonald* v. *Patterson*, 54 Cal. 247; *Hyatt* v. *Allen*, 54 id. 361.)

All property, therefore, must be assessed. The first section of article 13 of the Constitution commands that " all property in the State not exempt under the laws of the United States

shall be taxed in proportion to its value, to be ascertained as provided by law."

It then goes on to define the word "property," which is "declared to include moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership."

Deposits in savings banks are solvent credits, which constitute property, and must therefore be assessed. An examination of the Civil Code on this subject, as well as principles of common law, will show that the only relation between these banks and their depositors is that of debtor and creditor. The amount deposited is a debt due to the depositor by the bank, and is a credit which constitutes property. Every deposit is a loan to the bank, and every payment by the bank to or on account of the customer is a repayment of the loan, *pro tanto*. The bank is neither the trustee, *quasi* trustee, factor, or agent of the depositor. (Morse on Banks and Banking, 2nd ed. pp. 28, 29, 30. See also *Foley* v. *Hill*, 2 H. L. Cas. 39; *Croskill* v. *Bower*, 32 Beav. 85; *Carr* v. *Carr*, 1 Mer. 541; *Bishop* v. *Countess of Jersey*, 2 Drew, 143; *Decaynes* v. *Noble*, 1 Mer. 541; *Bellamy* v. *Majoribanks*, 8 Eng. L. & Eq. 517; *Sims* v. *Barn*, 6 Barn. & Ad. 392; *Sims* v. *Barn*, 6 Nev. & Man. 608; *Watts* v. *Christie*, 11 Beav. 546; *Pott* v. *Clegg*, 16 M. & W. 321; *In re Agra & Masterman's Bank, ex parte Waring*, 36 L. J. Ch. 151; Grant on Bankers and Banking, p. 4; *Commercial Bank of Albany* v. *Hughes*, 17 Wend. 94; *Bullard* v. *Randall*, 1 Gray, 605; *Chapman* v. *White*, 2 Seld. 412; *Downes* v. *Phœnix Bank*, 6 Hill, 297; *Foster* v. *Essex Bank*, 17 Mass. 479; *Bank of Northern Liberties* v. *Jones*, 42 Pa. St. 536; *Marsh* v. *Oneida Bank*, 34 Barb. 298; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Bank of Rep.* v. *Willard*, 10 Wall. 152.)

The new section added to the Code, to be known as § 3608, is unconstitutional. The taxation of shares of stock is not double taxation. (*Dewing* v. *Pedicaries*, 96 U. S. 196; *Farrington* v. *Tennessee*, 95 id. 687; *Union Bank* v. *State*, 9 Yerg. 490; *Van Allen* v. *The Assessors etc.* 3 Wall. 573; *City of New Orleans* v. *Mechanics' Insurance Co.* 30 La. An. (Part 2), 876–878; *Bradley* v. *The People*, 4 Wall. 459; *Queen* v. *Armand*, 9 Ad. & E. N. S. 806; *National Bank* v. *Commonwealth*, 9 Wall. 353; *The*

*State* v. *Branin*, 3 Zab. 484; *McCullough* v. *Maryland*, 4 Wheat. 316; *Emory* v. *The State*, 41 Md. 38; *Cummings* v. *The National Bank*, 101 U. S. 153; *Pelton* v. *National Bank*, 101 id. 143; *Griffith* v. *Watson*, 19 Kan. 23; *Pacific Bank* v. *Leib*, 83 Ill. 602; *State* v. *Jones*, 39 N. J. Law, 650; *St. Louis National Bank* v. *Papin*, 4 Dill. 29; *Providence & W. R. Co.* v. *Wright*, 2 R. I. 459; *Lumber Co.* v. *Gainesville National Bank*, 62 Ala. 464; *National Com. Bank* v. *Mayor etc.* 62 id. 285; *Dyer* v. *Osborne*, 11 R. I. 321; *Harrison* v. *Vines*, 46 Tex. 15; *Whitsall* v. *North*, 49 Pa. St. 528; *Insurance Co.* v. *State*, 23 Ind. 311; *Baltimore City* v. *Jackson*, 50 Md. 303· *People* v. *National Gold Bank*, 51 Cal. 510; *San Francisco* v. *Spring Valley W. W.* 54 Cal. 574.)

The act is in conflict not only with § 1 of article xiii of the Constitution, but also with the remainder of § 3617, and with §§ 3607, 3627, and 3629 of the same act.

Moreover, it exempts only depositors in savings banks, and is therefore special legislation of the grossest character.

The citizen who deposits his money with a commercial bank, or with an individual, must pay a tax on the credit which he owns, while his neighbor who selects one of these favored institutions is to be exempted. (Const. art. 4, § 25, sub. 20; *People* v. *Gherke*, 35 Cal. 677; *People* v. *Black Diamond Co.* 37 id. 54; *People* v. *Whartenby*, 38 id. 461; *People* v. *Eddy*, 43 id. 236; *People* v *Latham*, 52 id. 598.)

Taxation in this State is *in personam* and not *in rem*. There can be no double taxation unless the *same person* be twice assessed for the *same property* and for the *same year*.

The object of our system is to tax every *person* on what he *owns;* whether it be real estate or tangible chattels, or shares of stock in corporations, or credits arising from deposits in savings banks—the both intangible, but assignable, and possessing a cash *value*. (*People* v. *Seymour*, 16 Cal. 842; *Barney* v. *The Tax Collector*, 2 Bail. Ev. 688; *Cleveland, Plainesville, etc. R. R. Co.* v. *The Commonwealth of Pennsylvania*, vol. 5, No. 18, of the Legal Gazette; Pol. Code, §§ 3628–3636, 3640, 3642, 3647, 3650, 3651, 3657, 3716, 3717, 3752, 3800, 3807, 3808, 3811, 3812, 3821.)

*Creed Haymond*, for Respondent.

Double taxation not only finds no support in the provisions of the new Constitution, but is prohibited thereby. (§ 1, art. 13, new Constitution of California; Cooley on Taxation, pp. 2, 200, 173, 25; Cooley on Constitutional Limitations, pp. 495, 501; 1 Potter Law of Corporations, pp. 11, 12; *Smith* v. *Exeter*, 37 N. H. 558; *Smith* v. *Birley*, 9 id. 423; *People* v. *Coleman*, 4 Cal. 46; *Taylor* v. *Palmer*, 31 id. 240; *Ex parte Wall*, 48 id. 279; *People* v. *Lynch*, 51 id. 28; *Atkins* v. *Gamble*, 42 id. 100; *Hunsaker* v. *Wright*, 30 Ill. 147; *Bureau County* v. *Chicago R. R. Co.* 44 id. 237; *Chicago & Northwestern R. R. Co.* v. *Boone Co.* id. 242; *Glasgow* v. *Rouse*, 43 Mo. 490; 2 Kent's Commentaries, S. P. 331; *Dartmouth College* v. *Woodward*, 4 Wheat. 636; *Providence Bank* v. *Billings*, 4 Peters, 562; Field on Corporations, § 15; *Jones* v. *Davis*, Law R. vol. 10, p. 122; *Oliver* v. *Washington Mills*, 11 Allen, 272.)

If the Constitution, by express provision, did provide for double taxation, such provision would be inoperative and void, because in violation of the fundamental principles of republican government, recognized and declared in the bill of rights. (Cooley's Const. Limitations, 36, 37, 41, note 1, 175; Angell & Ames on Corporations, § 436; 1 Potter on Law of Corporations, § 217, p. 192; Cooley on Taxation, pp. 495, 177; 3 Knight's England, p. 417; *Loan Association* v. *Topeka*, 20 Wall. 662; *Case of Washington Avenue*, 69 Pa. St. 362; *People* v. *Mayor of Brooklyn*, 6 Barb. 214; *Woodbridge* v. *City of Detroit*, 8 Mich. 306; *Wilkinson* v. *Leland*, 2 Peters, 627; *Hatch* v. *Vermont Central R. R. Co.* 25 Vt. 49; *Railroad Co.* v. *Davis*, 2 Dev. & B. 451; *Rogers* v. *Bradshaw*, 20 Johns. 735; *People* v. *Platt*, 17 id. 195; *Powers* v. *Bergen*, 2 Seld. 358; *Goshen* v. *Stoughton*, 4 Conn. 209; *Hanson* v. *Vernon*, 27 Iowa, 42; Hillard on Taxation, 24; §§ 1, 14, 21, 23, of the new Constitution of California; §§ 1, 2, of the Bill of Rights, Const. of Kentucky, 1799, 1850; 2 Mills' Pol. Econ. 370, 372; *People* v. *Lynch*, 51 Cal. 20; *Lexington* v. *McQuillan's Heirs*, 9 Dana, 513, 516; 14th Amendment to Federal Constitution.)

The taxation of all the property of a corporation to a corporation, and then the taxation of the shares of capital stock

therein to the shareholders, is double taxation. (Cooley on Taxation, 392, 393, 168; 1 Potter on Law of Corporations, §§ 254, 262; Field on Corporations, § 123, p. 138, § 128, p. 143; Pierce on Railroads, 110, 144, 79; Angell & Ames on Corporations, §§ 460, 561; *Hannibal & St. Go. R. R. Co.* v. *Shaklett,* 30 Mo. 558, 560; *Smith* v. *Exeter,* 37 N. H. 558; *Rome R. R. Co.* v. *Rome,* 14 Ga. 276; *Salem Iron Factory* v. *Danvers,* 10 Mass. 516; *Smith* v. *Birley,* 9 N. II. 423; Webster's Dic. "stocks"; Abbott's Law Dic. "stocks"; *Com.* v. *Lowell Gas Co.* 12 Allen, 76; *Com.* v. *Ham. Man. Co.* id. 301; *Com.* v. *People's Five Cent Savings Bank,* 5 id. 431; *State* v. *Branin,* 3 Zab. 485; *Atkins* v. *Gamble,* 42 Cal. 86; *Hawley* v. *Brumagim,* 33 id. 394.)

That the relation of debtor and creditor does not exist between a savings and loan association and its depositors. (Civ. Code, §§ 1912, 1914, 571–573, 576, 579. Hillard on Taxation, 31. *Com.* v. *People,* 5 Allen, 428.)

That the power of taxation is dormant unless a constitutional law exists which calls it into action. That the only law in force is the Act of 1881. That the principle of equality and uniformity pervades and dominates the whole act, and unless such principle *can* be successfully maintained as the essence of taxation, the law fails, and the petitioner, in that event, fails. (Cooley Const. Lim. 177, 517, 518, 520; *Reed* v. *Omnibus R. R. Co.* 33 Cal. 29; *Campan* v. *Detroit,* 14 Mich. 285; *Warren* v. *Charlestown,* 2 Gray, 99, 100; *State* v. *Perry Co.* 5 Ohio St. 507; and *Slauson* v. *Racine,* 13 Wis. 403.)

*F. G. Newlands,* also for Respondent.

Certificates of stock are merely muniments and evidence of the holder's title. (*Sun Mutual Insurance Co.* v. *Mayer,* 4 Seld. 242; *Bayley* v. *Railroad Co.* 22 Wall. 636; *Mechanics' Bank* v. *N. Y. & New Haven R. R. Co.* 3 Kern. 627; *Miller* v. *U. S.* 11 Wall. 297; *The Delaware Railroad Tax,* 18 id. 229.)

Wherever the stock or property of a corporation is taxed, held to impliedly exempt the shares, even though the latter might also be taxed under the general words of a statute, and *vice versa.* (*Salem Iron Works* v. *Danvers,* 10 Mass. 514;

*Middlesex R. R. Co.* v. *Charlestown*, 8 Allen, 330; *Gordon* v. *Baltimore*, 5 Gill, 231; *Baltimore* v. *Balt. & O. R. R. Co.* 6 id. 288; *Tax Cases*, 12 Gill & J. 117.)

The property of the corporation and the shares representing the property are recognized as identical. And where the corporation is exempted by its charter from taxation, it is held that the stock in the hands of the stockholders is also exempt; and where the shares of stock are exempted by the charter, it is held that the property of the corporation is also exempt. (*State* v. *Brannan*, 3 Zab. 484; *State* v. *Powers*, 4 id. 402; *Gordon* v. *Appeal Tax Court*, 3 How. 133; *Farrington* v. *Tennessee*, 95 U. S. 679; *Bank of Georgia* v. *Savannah*, Dud. (Ga.) 132.)

*Winans, Belknap & Godoy, McAllister & Bergin, A. & H. C. Campbell*, and *Tobin & Tobin*, also for Respondent. (No briefs on file.

Ross, J.:

In this case we are asked by the petitioner, who alleges himself to be a tax-payer of the city and county of San Francisco, to grant a writ of mandate compelling the assessor of the said city and county to assess, upon the assessment roll thereof, to various holders of certificates of stock in various corporations the respective shares held by them, and to assess the various depositors in various savings banks the respective sums of money deposited by them. Whether the assessor has or has not assessed to the respective corporations all of their property of every character, and to the respective savings banks all of theirs, including all moneys deposited with them, does not appear from the petition; but as the Legislature has required the assessor to do these things, we must presume that he has or will perform his duty in this respect in due time.

The claim of petitioner, however, we understand to be this: That the assessor must assess to the respective corporations all of their property of every kind, including their franchise, and to the individual stockholders thereof the respective shares of stock held by them; and must assess to the respective savings banks all of their property, including all moneys deposited

with them by depositors, and also to the individual depositors the respective sums of money so deposited by them.

If this would, in effect, be assessing the same property twice for the same tax, it cannot be done. The Constitution of the State does not require or authorize double taxation. On the contrary, its language clearly forbids it. Thus: "All property in the State, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law." (§ 1, art. xiii.) To tax a portion of the property more than once would certainly not be taxing all of it in proportion to its value.

A mortgage or trust deed securing a debt is, under the Constitution, to be deemed and treated as an interest in the property affected thereby, and assessable to the owner. The property itself is also to be assessed to its owner; but to prevent what would otherwise be double taxation, the Constitution requires that, in making the assessment, the value of the security shall be deducted from the value of the incumbered property. (§ 4, art. xiii.) So in the case of credits, not secured by mortgage or trust deed, the Legislature may provide that there shall be deducted therefrom debts due to *bona fide* residents of the State. Not only does the language of the Constitution neither require nor permit double taxation, but we think it may be safely said that neither the framers of the instrument nor those who ratified it ever supposed that under its provisions there could be any such thing; for both in the debates on the floor of the convention which framed it, and in the arguments of those who advocated its adoption before the people, are to be found repeated disclaimers of any such intention.

But the important question remains, Would what the petitioner asks to have done be, in effect, assessing the same property twice for the same tax? The section of the Constitution which declares that all property in the State, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, also declares: "The word 'property' as used in this article and section is hereby declared to include moneys, credits, bonds, *stocks*, dues, *franchises*, and all other matters and things, real, personal, and mixed, capable of private ownership; *provided*, that growing crops, property

used exclusively for public schools, and such as may belong to the United States, this State, or to any county or municipal corporation within this State, shall be exempt from taxation. The Legislature may provide, except in the case of credits secured by mortgage or trust deed, for a deduction from credits or debts due to *bona fide* residents of this State."

Now, what is the stock of a corporation but its property—consisting of its franchise and such other property as the corporation may own? Of what else does its stock consist? If all this is taken away, what remains? Obviously nothing. When, therefore, all of the property of the corporation is assessed—its franchise and all of its other property of every character—then all of the stock of the corporation is assessed, and the mandate of the Constitution is complied with. This property is held by the corporation in trust for the stockholders, who are the beneficial owners of it in certain proportions called shares, and which are usually evidenced by certificates of stock. The share of each stockholder is undoubtedly property, but it is an interest in the very property held by the corporation. It is his right to a proportionate share of the dividends and other property of the corporation—nothing more. When the property of the corporation is assessed to it, and the tax thereon paid, who but the stockholders pay it? It is true that it is paid from the treasury of the corporation before the money therein is divided, but it is substantially the same thing as if paid from the pockets of the individual stockholders. To assess all of the corporate property of the corporation, and also to assess to each of the stockholders the number of shares held by him, would, it is manifest, be assessing the same property twice, once in the aggregate to the corporation, the trustee of all the stockholders, and again separately to the individual stockholders, in proportion to the number of shares held by each. As well might it be contended that the property of a partnership should be assessed to the firm, and in addition, that the interest of each partner in the firm property should be assessed to him individually. If I have an interest in partnership property, my interest therein is property. It is the right I have to share in the profits and property of the firm, in proportion to the interest I own. But my property rights are confined to the property held by the firm, just as the property

rights of the stockholder in the corporation are confined to the property held by the corporation. In the case of the partnership, take away all of the property of the firm, and I have no longer any property as a partner. In the case of the corporation, take away all of its property, which, it must be remembered, includes its franchise, and the shareholder no longer has any property. The cases are parallel. If in the one case it is competent· to assess to the corporation all of the property held by it, and to the individual stockholders the respective interest owned by each therein, so must it be competent to assess to every partnership the property held by the firm, and to each individual partner his interest therein.˙ It is clear to our minds that in the one case the partner and in the other the stockholder would be compelled to pay twice on the same property, which is neither required nor permitted by the Constitution. In the case of the corporations to which we have referred, the Legislature has declared that all of the property held by such corporations shall be assessed to them. It has not attempted to exempt any property from taxation not exempted by the Constitution itself, and of course could not do it if it had. It has only said that the property shall be assessed to the corporation, and shall not be again assessed for the same tax. This it had the right to say. (*State of Maryland* v. *C. & P. R. Co.* 40 Md. 22; *State* v. *Brannan*, 3 Zab. 485; Angell & Ames on Corp. 460.) In the case of the savings banks, it has declared that all moneys deposited with them shall be assessed to the banks, and not to the depositors. These moneys are held by the banks in trust for the depositors. (Civil Code, §§ 517, 577; Hilliard on Taxation, p. 31; *Huntington* v. *Savings Banks*, 6 Otto, 388; *Colte* v. *Society for Savings*, 32 Conn. 173; *Bunnell* v. *Savings Society*, 38 id. 203; *Com.* v. *People*, 5 Allen, 428.) And if assessed to the trustee and also to the *cestuis que trust* would present a clear case of double taxation. Between the bank and the depositor the ordinary relation of debtor and creditor does not exist. (Civil Code, §§ 517, 577, 1912, 309, 579, and authorities *supra*.) It was clearly within the power of the Legislature to declare to whom the property should be assessed.

Demurrer sustained and writ denied.

SHARPSTEIN, J., McKEE, J., and THORNTON, J., concurred.

MCKINSTRY, J., concurring:

I concur in the judgment, and, in the main, in the views expressed in the foregoing opinion. In my view, however, it is not necessary to decide whether the Legislature (under the present Constitution) has *power* to impose what has been called "double taxation." The Constitution declares that "stocks" and "franchises" shall be included in the word "property," and that all property shall be taxed "in proportion to its value." But the Constitution does not require that stocks or franchises shall be *twice* taxed. When the aggregate value of all the shares of stock is taxed to the corporation, the real and personal property and the franchise is ordinarily included in the tax; certainly when the stock, franchise, and other property are taxed to the corporation, everything required by the Constitution to be taxed *is* taxed; and this, whether one of these subjects of taxation includes the others or not. The *statute* provides that shares of stock shall not be assessed to the holders. Why should they be if the "property" which is assessed to the corporation includes the anticipated profits from the enjoyment of the franchise, and all other elements of value which go to give value to the shares of stock? The suggestion of petitioner is, that the statute is unconstitutional, because it does not provide for taxing the shares of stock *both* to the corporation and to the individual holders. But I find no such mandate in the Constitution. I think the demurrer should be sustained, because the scope and purpose of the petition are to compel the assessor to perform an act which the Constitution does *not* command, and which the statute *prohibits.*

MORRISON, C. J., concurring:

I concur in the views of Mr. Justice Ross, so far as they relate to assessments to savings banks and depositors therein. I am of the opinion that money deposited in savings banks should be assessed *but once*, either to the bank or to the depositor, *and not to both.* On the other question involved in the case (the taxation of shares of capital stock of corporations), I express no opinion.

MYRICK, J., concurring:

I concur in the views expressed by Mr. Justice Ross, except as to the assessment to depositors of moneys deposited in the savings banks named in the petition. Upon that subject I express no opinion.