### CITY AND COUNTY OF SAN FRANCISCO *v.* MACKEY.

(*Circuit Court, D. California.* September 8, 1884.)

1. TAXATION—CONSTITUTION OF CALIFORNIA—DOUBLE TAXATION.
   The constitution of California forbids double taxation of property.
2. SAME—PROPERTY OF CORPORATION—ASSESSMENT OF SHARES.
   It would be double taxation to tax all the property of a corporation to the corporation, and then assess to each stockholder the shares of stock in it held by him, and such assessment to the stockholder will be void.
3. SAME—PRESUMPTION OF OWNERSHIP.
   The constitution and laws of California require all property to be assessed and taxed to the owner; and as it is a legal presumption that all property of a corporation has been assessed to the corporation, in the absence of a showing to the contrary, an assessment of stock to a shareholder will be considered a double assessment, and void.
4. SAME—ASSESSMENT IN GROSS—VALIDITY.
   *Semble,* that an assessment in gross upon the aggregate of a great many thousand shares of stock in numerous corporations organized for a great variety of purposes, having no relation whatever to each other, and no common element of value, such as banking, mining, milling, lumbering, commercial, gas, moneys, solvent credits, etc., is void.

Action under California statute of April 23, 1880, to recover taxes for 1880–81, with penalties and interest.

*David McClure,* for plaintiff.

*B. C. Whitman,* for defendant.

SAWYER, J. This is an action to recover city and county and state taxes for the fiscal year 1880–81, together with 5 per cent. penalties, and interest at 2 per cent. per month, amounting, in the aggregate, to nearly $500,000, of which aggregate about $236,000 is the amount of the taxes originally levied.

The action is brought under the statute of April 23, 1880, prescribing a form of complaint, which requires the complaint to "describe the property as assessed." The description of the property in the complaint, and consequently "as assessed," is as follows:

"Seven thousand one hundred and twenty-five shares stock Nevada Bank; 3,200 shares stock Pacific Mill and Mining Company mining stock; 250 shares stock Pacific Wood, Lumber, and Flume Company; 1,000 shares stock San Francisco Gas Company; 47½ shares stock Giant Powder Company; 3,000 shares stock Virginia and Gold Hill Water Company; 937 shares stock Golden City Chemical Works; solvent credits, money; 39,570 shares of California Mining Company stock; 61,410 shares Consolidated Virginia Mining Company; 16,386 shares Ophir Mining Company; 15,718 shares Yellow Jacket Mining Company; Union Consolidated and Sierra Nevada Mining Company stock,—assessed at the valuation of $10,680,000."

Defendant demurs on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action. The property taxed consists of stock owned by defendant in various corporations, organized for a great variety of purposes; and, under the first ground of demurrer, it is claimed that the stock, as such, is not taxable to the defendant under the constitution and laws of California, and that the tax is, therefore, unauthorized and void. The tax is also claimed to be void as a lumping assessment. The supreme court of the state, in *Burke* v. *Badlam*, 57 Cal. 594, held that the constitution of the state does not authorize or require, but, on the contrary, forbids, a double taxation of property; that it would be double taxation to tax all the property of a corporation to the corporation, and then assess to each stockholder the shares of stock in it held by him. This decision by the state supreme court, giving a construction to the state constitution, is controlling in this court. The corporation is the immediate, primary owner of all the property of the corporation, the right of the stockholders in it being only derivative and secondary. The constitution and the laws require all property to be assessed and taxed to the owner, and the legal presumption is, as held in the case cited, nothing to the contrary appearing, that all property of a corporation has been assessed to the corporation, the owner, and consequently that all the property of the various corporations whose stock has been assessed to defendant was duly assessed to the corporations issuing it for the year 1880–81. That being so, the assessment of the stock in question to defendant is, as to the amount assessed, a second or double assessment of the same property, and, as such, void.

This is the logical, legal result of the decision of the supreme court in *Burke* v. *Badlam*, if I correctly apprehend its import, and the complaint fails to show a cause of action on that ground. An absolutely void tax, certainly, can constitute no cause of action. I am also inclined to think the tax void as an assessment in gross—a lumping assessment—upon the aggregate of a great many thousand shares of stock in numerous corporations, organized for a great variety of purposes, having no relation whatever to each other, and no common element of value, such as banking, mining, milling, lumbering, commercial, gas manufacturing, powder making, chemical works, etc., moneys, solvent credits, etc. One would suppose that a party would be entitled to have each class of property, having different values, assessed by itself, so that he can determine whether it is properly assessed or not. An assessment in gross upon a great variety of classes of property, having no relation to each other, and no common element of value, like those described in this assessment, affords no means of knowing whether any particular part or class of it has been properly assessed or not. It gives him no means of correcting an improper assessment before the board of equalization, or otherwise protecting himself from extortion. The authorities on this point have

not been cited by counsel, and I have not looked them up myself, and consequently I shall not now decide it. While I do not find it necessary to definitely decide the point, in view of the conclusion reached on the other branch of the objection, I deem it a proper occasion to intimate a very decided impression against the validity of such an assessment. The demurrer is sustained. The plaintiff desiring leave to amend as to a portion of the tax, leave is granted.