119 U.S. 129
 8 S.Ct. 1385
 30 L.Ed. 350
 HOME INS. CO.
v.
STATE OF NEW YORK.[1]
 November 15, 1886.
 
 Action by the state of New York to recover of the Home Insurance Company
 a tax imposed on the company, under the provisions of the act of the legislature of that state of June 1, 1880, (Laws 1880, c. 542,) as amended by the act of May 26, 1881, (Laws 1881, c. 361.) The following are the material provisions of the act of 1881 relating to the controversy:
 'Section 1. Chapter five hundred and forty-two of the Laws of eighteen hundred and eighty, entitled 'An act to provide for raising taxes for the use of the state upon certain corporations, joint-stock companies, and associations,' is hereby amended so as to read as follows:
 "Section 1. Hereafter it shall be the duty of the president or treasurer of every association, corporation, or joint-stock company liable to be taxed on its corporate franchise or business, as provided in section three of this act, to make report in writing to the comptroller, annually, on or before the 15th day of November, stating specifically the amount of capital paid in, the date, amount, and rate per cenu m of each and every dividend declared by their respective corporations, joint-stock companies, or associations, during the year ending with the 1st day of said month. In all cases where any such corporation, joint-stock company, or association shall fail to make or declare any dividend upon either its common or preferred stock during the year ending as aforesaid, or in case the dividend or dividends made or declared upon either its common or preferred stock during the year ending as aforesaid shall amount to less than six per centum upon the par value of the said common or preferred stock, the treasurer and secretary thereof, after being duly sworn or affirmed to do and perform the same with fidelity, according to the best of their knowledge and belief, shall, between the 1st and 15th days of November in each year in which no dividend has been made or declared as aforesaid, or in which the dividend or dividends made or declared upon either its common or preferred stock amounted to less than six per centum upon the par value of said common or preferred stock, estimate and appraise the capital stock of such company upon which no dividend has been made or declared, or upon the par value of which the dividend or dividends made or declared amounted to less than six per centum, at its actual value in cash, not less, however, than the average price which said stock sold for during said year; and, when the same shall have been so truly estimated and appraised, they shall forthwith forward to the comptroller a certificate thereof, accompanied by a copy of their said oath or affirmation, by them signed, and attested by the magistrate or other person qualified to administer the same: provided, that if the comptroller is not satisfied with the valuation so made and returned, he is hereby authorized and empowered to make a valuation thereof, and to settle an account upon the valuation so made by him for the taxes, penalties, and interest due the state thereon; and any association, corporation, or joint-stock company dissatisfied with the account so settled, may within ten days appeal therefrom to a board consisting of the secretary of state, attorney general, and state treasurer, which board, on such appeal, shall affirm or correct the account so settled by the comptroller, and the decision of said board shall be final; but such appeal shall not stay proceedings unless the full amount of the taxes, penalties, and interest, as due on said account, as settled by the comptroller, be deposited with the state treasurer.
 "Sec. 3. Every corporation, joint-stock company, or association whatever, now or hereafter incorporated or organized under any law of this state, * * * shall be subject to and pay a tax, as a tax upon its corporate franchise or business, into the treasury of this state, annually, to be computed as follows: If the dividend or dividends made or declared by such corporation, joint-stock company, or association during any year ending with the 1st day of November amount to six or more than six per centum upon the par value of its capital stock, then the tax to be at the rate of one-quarter mill upon the capital stock for each one per centum of dividend so made or declared; or, if no dividend be made or declared, or if the dividends made or declared do not amount to six per centum upon the par value of said capital stock, then the tax to be at the rate of one and one-half mills upon each dollar of a valuation of the said capital stock made in accordance with the provision of the first section of this act; and in case any such corporation, joint-stock company, or association shall have more than one kind of capital stock, as, for instance, common and preferred stock, and upon one of said stocks a dividend or dividends amounting to six or more than six per centum upon the par value thereof has been made or declared, and upon the other no dividend has been made or declared, or the dividend or dividends made or declared thereon amount to less than six per cet um upon the par value thereof, then the tax shall be at the rate of one-quarter mill for each one per centum of dividend made or declared upon the capital stock upon the par value of which the dividend or dividends made or declared amount to six or more than six per centum, and in addition thereto tax shall be charged at the rate of one and one-half mills upon each dollar of a valuation, made also in accordance with the provisions of this act, of the capital stock upon which no dividend was made or declared, or upon the par value of which the dividend or dividends made or declared did not amount to six per centum."
 The following is the 'agreed case' relating to the federal question: '(1) The Home Insurance Company is, and for more than a year prior to November 1, 1881, had been, a domestic fire insurance company. (2) The capital stock of the Home Insurance Company at all times during the year ending November 1, 1881, was $3,000,000, divided into thirty-thousand shares of the par value of one hundred dollars each, all full paid. (3) In the month of January, and also in the month of July, 1881, a dividend of $150,000 was declared by the said company. These were the only dividends declared or made during the year ending November 1, 1881, and amounted to ten per centum upon the par value of the capital stock thereof. (4) During the year 1881 the said company had part of its capital invested in bonds of the United States, being obligations of the United States, which, by the acts of congress under which they are issued, are exempt from state taxation, viz., on January 1, 1881, and when the dividend was declared in that month it held such bonds of the par value of $3,300,000; on the 1st day of July, 1881, and when the dividend was declared in that month, and on November 1, 1881, and when the report hereinafter mentioned was made, it held such bonds of the par value of $1,940,000. (5) On or before November 15, 1881, the report described in section 1 of chapter 542 of the Laws of 1880, as amended by chapter 361 of the Laws of 1881, was duly made to the then comptroller of the state of New York, on behalf of the said company. (6) Within fifteen days after January 1, 1882, the Home Insurance Company tendered to the then comptroller of the state of New York a tax at the rate of one and one-quarter mills per cent. upon the sum of $1,060,000. The said tender was rejected by the said comptroller. * * * The said company has ever since been, and now is, ready and willing to pay the amount so tendered to the said comptroller if it shall be adjudged that said acts of 1880 and 1881 are valid in respect of the tax herein controverted. The Home Insurance Company claims: * * * (2) That so much of the laws of New York as may require a tax to be paid upon the capital stock of the said company, without deducting from the amount so to be paid a sum bearing the same ratio thereto as the amount of the paid-in capital stock of the said company, invested in bonds of the United States, bears to the total amount of the paid-in capital stock of the said company, is unconstitutional and void.'
 The judgment of the supreme court, general term, adjudging the company liable, was affirmed by the court of appeals, and to review a final judgment entered in the supreme court on its mandate this writ of error was sued out.
 Benjamin H. Bristow and David Willcox, for plaintiff in error.
 A state cannot tax United States bonds without its consent. McCulloch v. Maryland, 4 Wheat. 316, 436; Weston v. Charleston, 2 Pet. 449; Banks v. Mayor, 7 Wall. 16; People v. Commissioners, 90 N. Y. 63. A tax on the capital of a corporation is a tax on the capital in which it is invested; therefore no part of the capital invested in United States bonds is taxable. Bank v. New York, 2 Banck, 620; Bank Tax Case, 2 Wall. 200. If the tax is in its nature and effect a tax on capital, it is immaterial that the statute declares it to be a tax on the 'corporate franchise or business.' The declaration of the legislature as to the character of the tax is not controlling.
 Brown v. Maryland, 12 Wheat. 419; Ward v. Maryland, 12 Wall. 418; Welton v. Missouri, 91 U. S. 275; Webber v. Virginia, 103 U. S. 344; Walling v. Michigan, 116 U. S. 446, 6 Sup. Ct. Rep. 454;
 Smith v. Turner, 7 How. 283; ,Henderson v. Mayor, 92 U. S. 259; Chy Lung v. Freeman, Id. 275; Steam-Ship Co. v. Tinker, 94 U. S. 238; Cook v. Pennsylvania, 97 U. S. 566; Transportation Co. v. Parkersburg, 107 U. S. 691, 2 Sup. Ct. Rep. 732; In re Jacobs, 98 N. Y. 98; Almy v. California, 24 How. 169; Bank Tax Case, 2 Wall. 200; Cummings v. Missouri, 4 Wall. 277, 325; Crandall v. Nevada, 6 Wall. 35; State Freight Tax Case, 15 Wall. 232; Railroad Co. v. Husen, 95 U. S. 465; Telegraph Co. v. Texas, 105 U. S. 460; Moran v. New Orleans, 112 U. S. 69, 5 Sup. Ct. Rep. 38; Railroad Tax Cases, 115 U. S. 321, 337, 6 Sup. Ct. Rep. 57; Car Co. v. Nolan, 22 Fed. Rep. 276, 281; People v. Allen, 42 N. Y. 404, 413; In re Association, 66 N. Y. 569.
 This statute has not the effect of imposing a tax on franchise or business. This is done by imposing a fixed sum, or a graduated contribution proportioned either to the value of the privileges granted, or the extent of their exercise, or the results of such exercise. State Tax on Ry. Gross Receipts, 15 Wall. 284; Delaware Railroad Tax Case, 18 Wall. 206, 231. This act does not impose a fixed sum, nor is it proportioned to the extent of the franchise, the amount of business done, nor is it proportioned to the value or the result of the franchise granted. A franchise is the right to use the tangible property in a certain manner for the purpose of gain, (State Railroad Tax Cases, 92 U. S. 575;) and is quite distinct from the tangible property, (Gordon v. Tax Court, 3 How. 133, 150; Railroad Co. v. Reid, 13 Wall. 264, 265.) It is separate and distinct from the capital and moneyed assets of the corporation, which furnish no evidence of its value. Conaughty v. Bank, 92 N. Y. 401; Bank v. Fenno, 8 Wall. 533, 541, 547; Bank v. Rochester, 37 N. Y. 365, 367; Porter v. Railroad Co., 76 Ill. 561, 578. Its value is to be determined by subtracting from the capital stock the value of all the other items of property. State Railroad Tax Cases, 92 U. S. 575, 602-607; Water-Works v. Schottler, 62 Cal. 69, 117; Burke v. Badlam, 57 Cal. 594; Gas Co. v. January, Id. 614. This tax is a percentage upon defendant's income, which has been distributed as dividends, without discrimination as to the source thereof, and is therefore a tax on the property producing such income. Bank v. Com., 9 Bush, 46; Opinion of Justices, 53 N. H. 634;People v. Commissioners, 90 N. Y. 63; Weston v. Charleston, 2 Pet. 449, 472, 475, 478. And since this property embraces property not taxable, it cannot be sustained as a tax on the franchise. Santa Clara Co. v. Railroad co., 118 U. S. 394, 6 Sup. Ct. Rep. 1132.
 The savings bank cases (Society v. Coite, 6 Wall. 594; Institution v. Massachusetts, Id. 611; Hamilton Co. v. Same, Id. 632) cited by defendant in error were decided upon two grounds:
 (1) That a tax of a percentage on the deposits made with a savings bank is a tax upon its franchise or business, and not a tax upon the property in which such savings were afterwards invested;
 (2) that the decision of the state court was binding. But neither of these grounds are applicable to this case.
 [Argument of Counsel from pages 137-139 intentionally omitted]
 Unless the tax is on capital, the act must have unequal effects. In the case of corporations paying less than 6 per cent. dividend the tax is imposed on the 'actual value' of the capital, and it is settled that these corporations are entitled to deduct their United States bonds from the amount of their investment. Bank v. New York, 2 Black, 620; Bank Tax Case, 2 Wall. 200. But if the tax on coro rations paying 6 per cent. or over be a franchise tax, they will not be entitled to deduct their bonds. This statute was copied literally from the Pennsylvania Laws of 1879, p. 114, § 4, and it is well settled there that they impose a tax on the property of the corporation. Gas Co. v. County of Chester, 30 Pa. St. 232; Iron & Coal Co. v. Luzerne County, 42 Pa. St. 424; Iron Co. v. Com., 59 Pa. St. 104; Com. v. Railway Co., 74 Pa. St. 83; Railroad Co.'s Appeal, 78 Pa. St. 59; Gas Co. v. Chester Co., 97 Pa. St. 476. The dividend earned by the stock is but a means of ascertaining its value. Iron Co. v. Com., 55 Pa. St. 448, 451; Com. v. Oil Co., 101 Pa. St. 119. This court has held that the Pennsylvania statute imposed 'a tax upon the capital.' Ferry Co. v. Pennsylvania, 114 U. S. 196, 5 Sup. Ct. Rep. 826. Inequality of taxation is a denial of the equal protection of the law within the meaning of the fourteenth amendment. Strauder v. West Virginia, 100 U. S. 303; Bank v. Hines, 3 Ohio St. 1; People v. Weaver, 100 U. S. 539; Bank Tax Case, 2 Wall. 200. Plaintiff in error is a person within the meaning of the amendment. Santa Clara Co. v. Railroad Co., 118 U. S. 394, 6 Sup. Ct. Rep. 1132; County of San Mateo v. Railroad Co., 13 Fed. Rep. 722. While the state may classify corporations for the purposes of taxation, there can be no subdivisions merely according to wealth or prosperity. Gilman v. Sheboygan, 2 Black, 510; Bank v. Maher, 9 Fed. Rep. 884; County of Santa Clara v. Railroad Co., 18 Fed. Rep. 385; Mortgage, etc., Co. v. School-Dist., 19 Fed. Rep. 359; Oliver v. Washington Mills, 11 Allen, 268; Stuart v. Palmer, 74 N. Y. 183; State v. Readington Tp., 36 N. J. Law, 66, 70; Lexington v. McQuillan, 9 Dana, 513, 35 Amer. Dec. 159; Howell v. Bristol, 8 Bush, 493; Attorney General v. Plank-Road Co., 11 Wis. 43; New Orleans v. Insurance Co., 23 La. Ann. 449; In re Ah Fong, 3 Sawy. 144; Ah Kow v. Nunan, 5 Sawy. 552; Parrott's Case, 6 Sawy. 349; Railroad Co. v. Commission, 19 Fed. Rep. 679. The rule with regard to uniformity of taxation applies as well to taxes on franchises as on other kinds of property. County of San Mateo v. Railroad Co., 8 Sawy. 238; Bank v. Apthorp, 12 Mass. 252; Com. v. Bank, 5 Allen, 428; Oliver v. Washington Mills, 11 Allen, 268; Orleans Parish v. Cochran, 20 La. Ann. 373; State v. Insurance Co., 12 La. Ann. 802; East St. Louis v. Wehrung, 46 Ill. 392.
 Prior to the passage of these acts, the state taxed corporations upon their capital stock. The acts were designed to change the method of taxation, and expressly provides that it shall be on the franchise and business, and provides a method of computation. The state may tax corporations as an entity existing under its laws; and the manner in which its value shall be assessed, and the rate of taxation, are mere matters of legislative control. Delaware Railroad Tax Case, 18 Wall. 206. Authority to that effect resides in the state independent of the federal government. Society v. Coite, 6 Wall. 594; State Railroad Tax Cases, 92 U. S. 575. The tax is a franchise tax, because it is immaterial as to the value of the property, and immaterial as to the value of its capital stock. The assessment is made on the value of the franchise conferred, measured by the dividend paying power. The capital stock is used only as the basis of computation. The plaintiff being a domestic corporation, the state may tax it in some form, and its decision is final. Being a tax on its franchise, it is immaterial how its capital stock is invested. People v. Commissioners, 4 Wall. 244; Bank v. Com., 9 Wall. 353; Van Allen v. Assessors, 3 Wall. 573. This court has held that a tax based on the amount of a savings bank's deposits is a tax on its franchise, and that the deo sits invested in government bonds were not exempt. Society v. Coite, 6 Wall. 594; Institution v. Massachusetts, Id. 611; Hamilton Co. v. Same, Id. 632. Bank Tax Case expressly distinguishes between a property and a franchise tax. 2 Wall. 200. This tax being upon a franchise, the fourteenth amendment, § 1, has no application. Even if it were unequal, a franchise tax is not within the rule of uniformity. Ducat v. Chicago, 10 Wall. 410. The fourteenth amendment only applies to discrimination against negroes. Slaughter-House Cases, 16 Wall. 36, 81. It is sufficient if a tax be equal and uniform as to the class upon which it operates. State Railroad Tax Cases, 92 U. S. 575, 611; Kentucky Railroad Tax Cases, 115 U. S. 321, 6 Sup. Ct. Rep. 57. San Mateo Co. v. Railroad Co., 13 Fed. Rep. 737, is a direct authority for the tax imposed in this case. There the tax was on property, here on franchises, which latter the court admitted might vary. This distinction is well pointed out in Institution v. Massachusetts, 6 Wall. 611, 631.
 [Argument of Counsel from pages 139-143 intentionally omitted]
 Denis O'Brien, Atty. Gen., for defendant in error.
 [Argument of Counsel from pages 143-148 intentionally omitted]
 WAITE, C. J., announced that the judgment of the supreme court of the state of New York was affirmed by a divided court.
 
 
 
 [1]
 Accidentally omitted from 7 Sup. Ct. Rep.