## FIRST NATIONAL BANK OF GARNETT *v.* AYERS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 446. Submitted January 7, 1896. — Decided January 27, 1896.

The single fact that the statutes of Kansas regulating the assessment and taxation of shares in national banks permit some debts to be deducted from some moneyed capital, but not from that which is invested in the shares of national banks, is not sufficient to show that the amount of moneyed capital in the State of Kansas from which debts may be deducted, as compared with the moneyed capital invested in shares of national banks, is so large and substantial as to amount to an illegal discrimination against national bank shareholders, in violation of the provisions of Rev. Stat. § 5219.

THIS was a writ of error to the Supreme Court of Kansas to review a judgment of that court affirming the judgment of the District Court of Anderson County, which was in favor of the defendants, and for costs against plaintiff. The action was brought to restrain the defendants from levying upon the property of the plaintiff in error for the purpose of collecting a warrant, issued for the collection of taxes upon the stockholders of the bank on the ground that certain deductions claimed on the part of some of the stockholders from the assessment upon their shares of stock were not allowed them, as they claimed they should have been, under the statutes of the United States.

The petition of the plaintiff in error stated the facts upon

which it was alleged the cause of action arose, and the defendants voluntarily entered appearance in the cause, and thereupon an agreement was signed by the parties to the action setting forth the facts upon which the case was to be tried. The material portion of the agreement set forth that the plaintiff was a corporation organized under the laws of the United States, with its office at the city of Garnett, Anderson County, Kansas. The defendant Ayers was sheriff of the county of Anderson during all the time mentioned in the complaint, and the defendant Hargrave during such time was treasurer of that county. The plaintiff was a national bank with a capital stock of $75,000, divided into 750 shares of the par value of $100 each; the actual value of such shares of stock was $100 per share on the first day of March, 1890. On the day last named certain stockholders, named in the statement, were justly indebted and owed in good faith the several sums of money set opposite their respective names in plaintiff's petition. These debts were not owing to any person, company or corporation as depositors in any bank or banking association, or any person or firm engaged in the business of banking in Kansas or elsewhere, nor were they debts owing on account of any of the things named in the Kansas statute hereinafter alluded to. The stockholders owing such debts duly complied with the statutes of Kansas in asking to be allowed to deduct from the value of their stock the amount of the debts which they were justly owing in good faith, as above stated. This was refused by the proper authorities, and an assessment was made against the named stockholders of the plaintiff without allowing any such deductions as claimed, and the taxes so levied on the stock held by the stockholders amounted to the sum of about $2000. The debts of the stockholders were all of the kind and character that could be deducted from " credits" under the statutes of Kansas, and due and legal demand was made to have such debts deducted from the value of the stock, which was refused. The debts were justly due and owing on the first of March, 1890, and no part of them had been deducted from the " credits " at any time or place during that year. The plaintiff paid the taxes assessed against its stockholders who did not

claim any deductions, and the only taxes remaining due were those assessed against the named stockholders who claimed deductions for their debts, as above stated. Other facts were agreed upon which it is not necessary to mention for the purpose of discussing the question involved in this case.

Several statutes of the State of Kansas are set forth, the first being the one which permits an action of this kind to be brought for the purpose of enjoining an illegal levy of any tax, charge, or assessment. Section 6847, General Statutes of Kansas, (to be found in vol. 2 of those laws,) defines the different terms used in the chapter on taxation. In this section the term "credit" is defined as follows: "The term 'credit' when used in this act shall mean and include every demand for money, labor, or other valuable thing, whether due or to become due, but not secured by lien on real estate." Section 6851 of the same General Statutes permits a deduction of debts from "credits." That part of the section bearing upon this subject is as follows:

"Debts owing in good faith by any person, company or corporation may be deducted from the gross amount of credits belonging to such person, company or corporation: *Provided,* Such debts are not owing to any person, company or corporation as depositors in any bank or banking association, or with any person or firm engaged in the business of banking in this State or elsewhere; and the person, company or corporation making out the statement of personal property to be given to the assessor, claiming deductions herein provided for, shall set forth both the amount and nature of the credits, and the amount and nature of his debts sought to be deducted; but no person, company or corporation shall be entitled to any deduction on account of any bond, note or obligation given to any mutual insurance company, or deferred payment, or loan for a policy of life insurance, nor on account of any unpaid subscription to any religious, literary, scientific or benevolent institution or society: *Provided,* That in deducting debts from credits no debt shall be deducted where said debt was created by a loan on government bonds or other taxable securities."

Section 1, chapter 84, of the Session Laws of Kansas for 1891 provides for the taxation of bank stock, and is as follows:

"SECTION 1. That section 6868 of the General Statutes of 1889 be amended as follows: Sec. 6868. Stockholders in banks and banking associations and loan and investment companies, organized under the laws of this State or the United States, shall be assessed and taxed on the true value of their shares of stock in the city or township where such banks, banking associations, loan or investment companies are located; and the president, cashier or other managing officer thereof shall, under oath, return to the assessor on demand a list of the names of the stockholders and amount and value of stock held by each, together with the value of any undivided profit or surplus; and said banks, banking associations, loan or investment companies shall pay the tax assessed upon said stock and undivided profits or surplus, and shall have a lien thereon until the same is satisfied: *Provided*, That if from any causes the taxes levied upon the stock of any banking association, loan or investment company shall not be paid by said corporation, the property of the individual stockholders shall be held liable therefor: *Provided further*, That if any portion of the capital stock of any bank or banking association or loan or investment company shall be invested in real estate, and said corporation shall hold a title in fee simple thereto, the assessed value of said real estate shall be deducted from the original assessment of the paid-up capital stock of said corporation, and said real estate shall be assessed as other lands or lots: *And provided further*, That banking stock or loan and investment company stock or capital shall not be assessed at any higher rate than other property: *And provided further*, That the provisions of this act shall apply to all mutual, fire and life insurance companies or associations having assets, accumulations, money or credits, and doing business under the laws of this State: *And provided further*, That such assets, money, and credits, held and under the control of such mutual fire and life insurance companies or associations, shall be subject to assessment and taxation."

These are the only sections of the Kansas statute that the plaintiff in error claims have any bearing upon this case, and counsel for plaintiff in error states that the only really important question herein is the right of stockholders of a national bank to treat their stock therein as a credit from which they may be allowed to deduct the debts which they are owing in good faith.

Upon the above agreed statement of facts the court, after due consideration, found generally for the defendants, and entered judgment in their favor for the costs of this action against the plaintiff, to which finding and judgment of the court plaintiff at the time duly excepted. The plaintiff also filed its motion for a new trial, which motion was by the court overruled, and duly excepted to by plaintiff. The summons in error issued from the Supreme Court of Kansas was duly served, and the record removed into that court for review, where, after argument, the judgment of the court below was affirmed with costs. 53 Kansas, 463, upon the opinion in *Dutton* v. *Bank &c.*, 53 Kansas, 440. The plaintiff thereupon sued out a writ of error from this court, directed to the Supreme Court of Kansas, and the record is now here for review.

*Mr. J. W. Gleed* for plaintiff in error.

*Mr. Abraham Bergen* and *Mr. C. T. Richardson* for defendants in error.

MR. JUSTICE PECKHAM, after stating the case, delivered the opinion of the court.

By the decision of the Supreme Court of Kansas, section 6847, General Statutes of that State, defining the word "credit" as used in the chapter providing for the assessment and collection of taxes, was held not to include shares of stock in a national or state bank, and the owners of such shares were held to have no right under that statute to deduct from the assessed value of their shares the amount of their debts. This court is bound by the interpretation given to the Kansas statute by the Supreme Court of that State, *People* v. *Weaver*,

100 U. S. 539, 541, and the only question that remains to be decided by us is whether, under that construction, the statute is in conflict with section 5219 of the Revised Statutes of the United States, which provides as follows: "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares in assessing taxes imposed by authority of the State within which the association is located, but the legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State, and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes to the same extent, according to its value, as other real property is taxed."

The plaintiff in error claimed that an illegal discrimination was made against the holders of national bank stock, because the statute of the State of Kansas permits certain kinds of debts owing in good faith by any person, company or corporation to be deducted from the gross amount of credits belonging to such person, company or corporation in listing their property for taxation, while owners of shares of stock in national banks are not allowed to deduct their indebtedness from the value of their shares of stock, and for that reason the plaintiff says that the Kansas statute is in conflict with the above cited section 5219 of the statutes of the United States. It will be seen that the term "credit," when used in the Kansas statute, is defined by that statute to mean and include every demand for money, labor or other valuable thing, whether due or to become due, but not secured by a lien on real estate; and it is only from such credits, so defined, that the class of debts named in the statute and owing in good faith by any person, company or corporation may be

deducted. There is no proof in the case as to the proportion which credits, from which such debts may be deducted, bear to the whole amount of the credits owned in the State, nor is there any proof as to what proportion the entire credits owned in the State bear to other moneyed capital owned therein. Debts owing to any person, company or corporation as depositors in any bank or banking association, or with any person or firm engaged in the business of banking in Kansas or elsewhere, cannot be deducted; and no person, company or corporation is entitled to any deduction on account of any bond, note or obligation given to any mutual insurance company, or deferred payment or loan for a policy of life insurance; nor on account of any unpaid subscriptions to any religious, literary, scientific or benevolent institution or society; nor can any debt be deducted from credits where the debt was created by a loan on government bonds or other taxable securities. (Section 6851, General Statutes of Kansas.)

It is thus seen that there is a very large and important class of what is termed moneyed capital from which no deductions are permitted on account of debts. The statute treats shares of stock in a national bank upon a perfect equality and in the same way as shares of stock in a state bank for the purpose of assessment and taxation.

In *Mercantile Bank* v. *New York*, 121 U. S. 138, it was held that the main purpose of Congress in fixing limits to taxation on investments in shares of national banks was to render it impossible for a State in levying such a tax to create and foster an unequal and unfriendly competition by favoring state institutions or individuals carrying on a similar business and operations and investments of a like character. Mr. Justice Matthews, in delivering the opinion of the court in the above cited case, gave an exhaustive review of the cases which had been decided in this court up to that time, under this section of the United States statute, and it is evident from the opinion and decision of the court in that case that the intent of the United States statute was to prevent an unjust discrimination against the moneyed capital invested in shares of national banks, by rendering it "impossible for the

State in levying a tax on such shares to create and foster an unequal and unfriendly competition by favoring institutions or individuals carrying on a similar business and operations and investments of a like character." *Mercantile Bank case, supra,* 155.

From the record in this case it is wholly impossible to determine that there is any discrimination against the holders of national bank stock. In order to come to a decision in favor of the plaintiff in error it would be necessary for this court to take what counsel for plaintiff calls judicial notice of what is claimed to be a fact, viz., that the amount of moneyed capital in the State of Kansas from which debts may be deducted, as compared with the moneyed capital invested in shares of national banks, was so large and substantial as to amount to an illegal discrimination against national bank shareholders. This we cannot do. There is no proof whatever upon the subject. The state court has itself determined from its own knowledge that the credits from which debts may be deducted do not constitute a large or even material part of the moneyed capital of the State, and, on the contrary, that court says that debts secured by liens on real estate, money invested in corporate stocks of all kinds and descriptions, including railroad, banking, insurance, loan and trust companies, and all the multifarious forms of moneyed securities, moneys on deposit subject to call, and other forms of invested capital, constitute the great bulk of the moneyed capital in that State, and from all such moneyed capital no deduction for debts is allowed.

As the record appears there is no fact of which the court can take judicial notice. The relative proportions in which the moneyed capital of the State of Kansas is invested in the various kinds of securities to be therein found, this court cannot judicially know. When proof shall be made regarding that matter, it may then be determined intelligently whether, within the case of *The Mercantile Bank, supra,* there has been a real discrimination against the holders of national bank shares and hence a violation of the above cited act of Congress. The single fact that the statute of Kansas per-

mits some debts to be deducted from some moneyed capital, but not from that which is invested in the shares of national banks, is not sufficient to show such violation. The judgment must be

*Affirmed.*