## NEVADA BANK *v.* SEDGWICK.

Part of the capital of a State bank was invested in foreign countries. *Held*, that it was subject to the tax imposed by sect. 3408 of the Revised Statutes, it not appearing in what manner the investments were made.

ERROR to the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. John E. Ward* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by a bank incorporated under the laws of, and having its principal place of business in, California, against a collector of the internal revenue of the United States, to recover taxes alleged to have been illegally exacted under the second clause of sect. 3408 of the Revised Statutes. That clause provides for the levy and collection of " a tax of one twenty-fourth of one per centum each month upon the capital of any bank, association, company, corporation, and on the capital employed by any person in the business of banking, beyond the average amount invested in United States bonds." A part of the capital of this bank was, as is alleged, " invested abroad and in foreign countries," and in assessing the taxes this was included as capital with the rest. The case stands on demurrer to the complaint, and the single question we are asked to consider is, whether the capital of a State bank " invested abroad and in foreign countries " can be taxed by the United States. In what manner the investments were made does not appear. The averment in the complaint is in the general language we have quoted.

As long ago as 1819 it was said by this court, speaking through Mr. Chief Justice Marshall, in *McCulloch* v. *State of Maryland* (4 Wheat. 316), that all subjects over which the sovereign power of a State extends are objects of taxation. Acting on this principle, we held recently, in *Kirtland* v. *Hotchkiss* (100 U. S. 491), that a State might tax her resident citizens for debts held by them against non-residents.

and secured by mortgage on property in another State. That seems to us conclusive of this case. The Nevada Bank was incorporated and organized under the laws of one of the States of the Union, and it had its principal place of business within the United States. It was, therefore, subject to the sovereign power of the United States, and a proper object of taxation. The investments abroad are still the property of the bank and part of its capital. In the absence of any averments to the contrary, we must presume they were such as banks usually make in doing a banking business, and that their legal *situs* was at the home office of the corporation. We need not consider, therefore, whether, if they had been made in fixed property subject exclusively to another jurisdiction, a different rule would apply. As the case is presented, it comes clearly within the principle which was applied in *Kirtland* v. *Hotchkiss, supra.*

*Judgment affirmed.*