COMMERCIAL NATIONAL BANK, Respondent, *v.* ALMA ˙ D. CHAMBERS, TREASURER OF WEBER COUNTY, Appellant.

Assessment for Taxes — National Bank Stock — Deductions Allowed — Under Secs. 2 and 3, Art. 13, Const., Sub. 6 and 7, Sec. 2505 and Secs. 2506, 2507, and 2508, R. S. 1898 — Discrimination. Property of National Bank — Subject to State Taxation — Sec. 5219, Rev. Stat. U. S. — Power of Taxation — Property within Jurisdiction. Situs of Stock — How Fixed for ˙ Taxation — Value — Not Diminished by Deducting Property Outside Jurisdiction. "Stocks" — "Credits" — Revenue Act — Debts of Individual Shareholders — Not Properly Deducted from Stock. Term "Moneyed Capital" — Meaning of — In Sec. 5219, Rev. Stat. U. S.

*Assessment for Taxes — National Bank Stock — Deductions Allowed under Secs. 2 and 3, Art. 13, Const., Sub. 6 and 7, Sec. 2505 and Secs. 2506, 2507, and 2508, R. S. 1898 — Discrimination.*

Under Sections 2 and 3, Art. 13, Const., subdivisions 6 and 7, Section 2505 and Sections 2506, 2507, and 2508, R. S. 1898, the only deductions authorized in the assessment for taxes, of the shares of any national bank, or other corporation, organized and doing business in this State, are deductions from the value of the shares, of the value of the real estate which is represented by the stock, and which has been assessed ; and deductions of *bona fide* debts from credits ; and there is no unfriendly discrimination therein in favor of State corporations and against national banks.[1]

*Property of National Banks — Subject to State Taxation — Sec. 5219, Rev. Stat. U. S.*

Although a national bank is organized under the Banking Act of the United States, if it is located in this State and conducting its business here, all its property, not exempt, situate or held, owned and used within this jurisdiction, is within the taxing power of this State under the provisions of Sec. 5219,

[1] *Judge* v. *Spencer*, 15 Utah, 242.

Rev. Stat. U. S., and such power extends to every species of property which exists within the limits of the State by its authority, or which is introduced by permission of the State. unless such power be excluded expressly or by necessary implication.

*Power of Taxation — Property within Jurisdiction.*

Under the power of taxation, property must be treated as it exists within the jurisdiction of such taxing power, and without reference to the powers of another State over which there is no jurisdiction whatever.

*Situs of Stock — How Fixed for Taxation — Value Not Diminished by Deducting Property ·Outside Jurisdiction.*

A State has the right to fix the particular *situs*, of the stock of a corporation doing business within its limits, for the purposes of taxation, and its value for such purposes can not be diminished by deducting therefrom the value of property not situated or taxable within the State, and over which the State can exercise no control.

*" Stocks "—" Credits "— Revenue Act — Debts of Individual Shareholders — Not Properly Deducted from Stock.*

"Stocks" are not "credits" and "credits" are not stocks within the meaning of the Revenue Act of this State, and the law does not authorize the deduction of the debts of the individual shareholder in a bank from his shares of stock.

*Term "Moneyed Capital"— Meaning of — in Sec. 5219, Rev. Stat. U. S.*

The term "moneyed capital," employed in Sec. 5219, Rev. Stat. U. S., does not require that where, under a system of taxation such as ours, debts may be deducted from credits, the individual debts of a shareholder in a national bank must be deducted from the value of his stock; neither does the term include money which does not come into competition with the business of the bank. Debts disconnected from such business can not be deducted from the amount of the capital, and the shares of stock can not be treated as credits.

(Decided April 10, 1900.)

Writ of Error on Appeal to the Supreme Court of the United States granted April 18, 1900.

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge*.

Action by plaintiff against defendant, as treasurer of Weber County, to have declared void all taxes assessed against the bank for the year 1898 in excess of $612.99, and to have the treasurer enjoined from collecting such excess, or from enforcing the collection by sale of the property assessed, or otherwise. This case raises the question as to whether or not plaintiff was entitled to deductions from the stock assessment for the value of the real estate situated outside the limits of this State, and also to have the *bona fide* debts of non-resident shareholders deducted from the value of their stock. From a judgment for defendant plaintiff appealed.

*Reversed.*

*George Halverson, Esq.*, for appellant.

"As a general rule, equity has nothing to do with erroneous assessments. Aside from the requirements of the statute, public policy requires that the revenues should be promptly assessed and collected by those officers and through those agencies which the law has specially provided for that purpose. Unless, therefore, a case can be brought, by its particular and peculiar facts, under some one of the heads of equity jurisdiction, such as preventing a multiplicity of suits, removing clouds from title, or the like equity will not ordinarily interfere unless the tax be illegal. The remedy prescribed by the statute will be found most ample and expeditious, and in such cases it ought to be exclusive." *Stewart* v. *Maple*, 70 Pa. St., 221; 1 High on Inj., Secs. 488, 492, 493; *Hughes* v. *Kline*, 30 Pa. St., 227; *Macklot* v. *City of Davenport*, 17 Ia., 379; *Merrill* v. *Gorham*, 6 Cal., 41; *Porter* v. *R. R. Co.*, 76 Ill., 561; 11 Desty Tax'n, 661; *Bank* v.

*Lawler*, 46 Conn., 243; *Seeley* v. *Town of Westport*, 47 Conn., 294; *Glass Co.* v. *McCaleb*, 81 Ill., 556; *Mayor* v. *Miserole*, 26 Wend., 131; State R. R. Tax Cases, 92 U. S., 575; Cooley on Taxation, 542; *Oregon & W. M. Sav. Bank* v. *Jordan*, 17 Pac., 622; *Cambell* v. *Brashford*, 16 Pac., 269; *Phœnix Grain & Stock Exchange* v. *Gleason*, 13 N. E., 209; *N. Y. Grain & Stock Exchange* v. *Gleason*, 13 N. E., 204; High on Inj., Sec. 586 and Note 3.    See also Sec. 485; *Chicago* v. *Frary*, 22 Ill., 34.

"It is only where the assessment is wholly void, or void with respect to separable portions of the property, the amount collected on which is ascertainable, or where the assessment has been set aside as invalid that an action at law will lie for the taxes paid, or for a portion thereof. Overvaluation of property is not a ground of action at law for the excess of the taxes paid, beyond what should have been levied upon a just valuation. The courts can not, in such cases, take upon themselves the functions of a revising or equalization board." *Newman* v. *Supervisors*, 45 N. Y., 676–87; 53 N. Y., 49; 101 N. Y., 240; *Lincoln* v. *Worcester*, 8 Cush., 55; *Hicks* v. *Worcester*, 130 Mass., 478; *Balfour* v. *Portland*, 28 Fed., 738; *Stanley* v. *Supervisors*, 121 U. S., 535; *Taylor* v. *Robertson*, 52 Pac., 1 (Utah); *People* v. *Goldtree*, 44 Cal., 325; *Maxwell* v. *Board*; 53 Cal.; 391; *Orr* v. *State Board*, 28 Pac., 418 (Idaho); *Merrill* v. *Gorham*, 6 Cal., 41; *Trader's Ins. Co.* v. *Farwell*, 102 Ill., 13; *Powers* v. *Bowman*, 53 Iowa, 359; *Osbourne* v. *Blake*, 19 Kan., 299; *Hogenback* v. *Howard*, 34 Mich., 1; State Railroad Tax Cases, 92 U. S., 613; *West Portland Park Association* v. *Kelly*, 45 Pac., 901.

Where there is no method pointed out by statute to secure a review of the action of the board of equalization the writ of *certiorari* is the proper and only means of

bringing such action before the court for review.  *Swift*
v. *Poughkeepsie*, 37 N. Y., 516; *Milwaukee Iron Co.* v.
*Schubel*, 29 Wis., 444; *People* v. *Board of Assessors*, 39
N..Y., 81; *People* v. *The Assessors of Albany*, 40 N. Y.,
154; *Western R. R. Co.* v. *Nolan*, 48 N. Y., 518; *Orr*
v. *State Board*, 28 Pac., 418, citing Desty on Taxation,
p. 631.

So where a remedy exists by *certiorari* for the correction
of errors and the complainant has neglected to avail him-
self of that remedy, he will not be allowed relief by in-
junction because of such errors in the absence of fraud.
High on Inj., Sec. 488; *Western R. R. Co.* v. *Nolan*, 48
N. Y., 513; *West Portland Park Assn.* v. *Kelly*, 45
Pac., 902; Cooley on Taxation, 747-753-755; *Gage* v.
*Evans*, 90 Ill., 569; *Cleghoine* v. *Postlewait*, 43 Ill.,
428; *Darling* v. *Gunn*, 50 Ill., 424.

And this is the rule laid down by our supreme court
in the case of *Home Fire Ins. Co.* v. *Lynch*, 19 Utah,
189; 56 Pac., 681.

Only such deductions may be made, and from such
property or credits as the statute permits; and they must
be made in the manner, and upon the production of such
evidence, as the statute requires.  Secs. 2516, 2517, 2518,
R. S. 1898; 25 Am. and Eng. Ency., 229; *Oregon &*
*Wash. Sav. Bank* v. *Catlin*, 15 Pac., 462 (Ore.); Cooley
on Taxation, 748-750.

The court erred in overruling the defendant's demurrer
upon the ground that the complaint is uncertain in that
it does not show the rate of taxation levied against said
property, and only alleges by way of argument and in-
ference what the total amount of taxes would be if assessed
as contended for by the plaintiff.  *Voorhees* v. *Fisher*, 9
Utah, 303.

Coming now to the question: Is the plaintiff entitled

to the deductions claimed, irrespective of the objections urged ?

1. The constitution provides, Article 13, Section 2: " All property in the State, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. * * *

Sec. 3. The Legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the State, according to its value in money, * * * provided that a *deduction* of *debts* from *credits* may be authorized." * * *

Section 2506 of the Revised Statutes of 1898 provides: " All taxable property must be assessed at its full cash value. Land and the improvements thereon must be separately assessed." *State* v. *Thomas,* 16 Utah, 86; 50 Pac., 615.

Section 2516, Subdivision 6 of Section 2517, and Section 2518 provide for the deduction of debts from the gross amount of credits.

Sections 2507, 2508, and 2509 provide for the assessment of bank stock. *Dutton* v. *Citizens' National Bank,* 36 Pac., 721; *Rhodes* v. *Kelley,* 51 Pac., 593; *Dwight* v. *Boston,* 90 Am. Dec., 149; 12 Allen, 316. See *Judge* v. *Spencer,* 15 Utah 42; 48 Pac., 1098; *Consolidated National Bank* v. *Pima County,* 48 Pac., 292.

It is a strained construction of the word " credit " or of the word " demand " to hold it to include stocks in a corporation. *Dutton* v. *Citizens' National Bank,* 36 Pac., 721; *First National Bank* v. *Ayers,* 36 Pac., 724. Affirmed in *First National Bank* v. *Ayers,* 160 U. S., 660; 16 Supt. Ct. Rep., 412; *Niles* v. *Shaw,* 34 N. E., 162 (Ohio); *Chapman* v. *First National Bank,* 47 N. E., 56 (Ohio, 1897). Affirmed in *Chapman* v. *First Na-*

*tional Bank,* 19 Sup. Ct. Rep., 407 (U. S. Sup. Ct. Rep., Feb., 1899); *Bridgman* v. *Keokuk,* 33 N. W., 355; *Seward* v. *Cattle,* 14 Neb., 144; *First National Bank* v. *Township of St. Joseph,* 9 N. W., 838 (Mich.); *McHenry* v. *Downer,* 47 Pac., 779 (Cal.); *Raleigh R. R. Co.* v. *Wake,* 87 N. C., 414; *Bressler* v. *Wayne County,* 49 N. W., 787 (Neb.).

All the later cases sustain the constitutionality of the statute in refusing to allow stockholders to deduct debts from bank stock, and in holding that bank stock is not a credit within the meaning of the statute. *Dutton* v. *Citizens' National Bank,* 36 Pac., 719; *Washington National Bank* v. *King County,* 38 Pac., 219; *Bressler* v. *Wayne County,* 32 Neb., 834; 49 N. W., 787; *First National Bank* v. *Chehalis County,* 32 Pac., 1051; *Chapman* v. *First National Bank,* 47 N. E., 56; *First National Bank* v. *Ayers,* 36 Pac., 724; *First National Bank* v. *Ayers,* 160 U. S., 660 (16 Sup. Ct. Rep., 412, 1896); *Mercantile Bank* v. *City of New York,* 121 U. S., 830; *Mercantile Bank* v. *Shields,* 28 Fed., 777; *Richards* v. *Rock Rapids,* 31 Fed., 505.

*Albert R. Heywood, Esq., Hugh A. Tait, Esq.,* for respondent.

If the deductions should have, as we claim, been allowed, then to that extent the tax was illegal, and the bank in paying the tax on the real estate and tendering the amount of the legal part of the tax on the shares, complied with Section 2683 of the statutes, and became at once authorized to an injunction against this illegal excess, and indeed this was the appropriate mode of relief. See also *Pelton* v. *Commercial National Bank,* 11 Otto, 143; *Cummings* v. *Merchants' National Bank,* 11 Otto, 153.

The stockholders refused to pay this illegal excess, and had a right to.   See *Cummings* v. *Bank, supra.*

And this action was properly brought by the bank for the stockholders.   *Bank* v. *Hills,* 5 Fed. Rep., 249; *Whitney* v. *Parker,* 41 Fed. Rep., 402; see note bottom p. 387, 19 Fed. Rep.; *Cummings* v. *Bank, supra; Hills* v. *Nat. Ex. Bank,* 15 Otto, 319.

Before applying Secs. 2508 and 2518 of our statute, the court's attention is invited to the following authorities, holding that deductions for *bona fide* debts must be allowed to shareholders against the assessed value of shares of national banks.   The cases on this point in the Supreme Court of the United States and many other courts are referred to in the opinions in the following cases; the citations are so voluminous that it is ventured that their additional listing in this brief will be overdoing it.   *McAden* v. *Com. Mecklenburg Co.,* 2 S. E. Rep., 670 (97 N. C., 355); *First Nat. Bank* v. *Fisher,* 26 P. R., 482; *Newport* v. *Mudgett,* 51 P. R., 466; *Bramel* v. *Manring,* 51 P. R., 1050.

Refusal to include the shares of bank stock in credits of the shareholder from which his debts could be deducted, infringes upon the rule of uniformity and equality required by the constitution. *Pullman Bank* v. *Manring,* 51 P. R., 464.

In *Pullman Bank* v. *Manring,* 51 Pac. Rep., 464, and *Newport* v. *Mudgett,* 51 Pacific Reporter, 466, the supreme court of Washington says that the constitution providing that a deduction of debts from credits may be authorized, requires that the deduction so authorized must be prescribed by general law, and that such deduction must be uniform and equal; and further, that an attempt to exclude shares of bank stock in the credits from which debts could be deducted, would be unconstitutional.   The Utah con-

stitution having the same provisions, makes this most apt authority.   See also *Ruggles* v. *City of Fond du Lac*, 10 N. W. Rep., 566.

The shares having been assessed at their market (cash) value, it was conceded that no raise could be made by the State board.   See *State* v. *Thomas*, 16 Utah, 86; *Renfew* v. *Webb*, 54 Pac. Rep., 448; *Bardrick* v. *Dillon*, 54 Pac. Rep., 785.

BARTCH, C. J.

This suit was brought by the plaintiff against the treasurer of Weber County to have declared void all taxes assessed against the bank for the year 1898, in excess of $612.99, and to have the treasurer enjoined from collecting such excess, and from enforcing the collection by sale of the property assessed or otherwise. The findings of fact show that the plaintiff bank is a corporation organized and existing by virtue of the Banking Act of the United States, and has been and now is conducting a general banking business as a national bank in Ogden City, Weber County, Utah.   For the purposes of taxation the bank's capital stock, in 1898, was valued at $80,000, its real estate situate in Utah was valued at $27,535, and its real estate situate outside of this State, at $19,500.   In levying the tax, the value of the real estate situate within the State was deducted from the value of the stock, but a deduction of the value of the real estate situate without the State was refused.   Likewise, the *bona fide* debts of resident shareholders were deducted from the value of the stock, and deduction refused of such debts of non-resident shareholders.   The total amount of tax levied against the stock, and claimed by the defendant for that year is $1,471.73.   The amount offered to be paid by the plaintiff is $612.99.   At the

trial the court entered a decree in favor of the plaintiff, and this appeal is from that decree.

The material question is: Was the respondent entitled to deductions from the stock assessment for the value of the real estate situate without the limits of this State, and to have the *bona fide* debts of non-resident shareholders deducted from the value of their stock?

The appellant insists that the court erred in allowing such deductions. Whether or not this insistence is sound must be determined by reference to the constitutional and statutory provisions relating to the subject.

In Sec. 3, Art. 13, Const., it is provided: "All property in the State, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. The word 'property,' as used in this article, is hereby declared to include moneys, credits, bonds, stocks, franchises, and all other matters and things (real, personal, and mixed) capable of private ownership; but this shall not be so construed as to authorize the taxation of the stocks of any company or corporation, when the property of such company or corporation represented by such stocks, has been taxed."

Under this provision all property in this State must be "taxed in proportion to its value," except such as is exempt under the provisions of the constitution, or by virtue of the Constitution of the United States. It will be observed that "credits" and "stocks" are included within the meaning of the word "property," as used in reference to the subjects of taxation, and these two classes are separately and distinctly mentioned as being included. All kinds of credits and stocks are, therefore, susceptible of being taxed, except as may be otherwise provided by the fundamental law. In the same section, as will be

noticed, it is provided that stocks of any company or corporation are not taxable "when the property of such company or corporation, represented by such stocks has been taxed." The word "stocks" is in the plural form, and, as here used, evidently means property consisting of shares in joint stock companies, whether of banking institutions or other corporations. It is referred to as a distinct species of property. The word "credits" is also in the plural form, and, as here used, evidently means all debts due and owing, from whatever source, to the party whose property is to be taxed. The word, as employed in this provision, clearly refers to a species of property entirely distinct and different from that of stocks. Thus, under Sec. 2 of the Constitution, all "credits" would be subject to taxation were it not for the limitation contained in Section 3 of the same enactment, which reads: "The Legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the State, according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property; so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property: Provided, That a deduction of debts from credits may be authorized."

Here is a provision that "debts" may be deducted from "credits" in the taxation of property. To the extent, therefore, that the debts owing by any person whose property is being taxed, offset the credits, or debts owing to him, the credits can not be taxed, and to that extent this provision is a limitation upon Section 2. Stocks, however, are not included in the limitation, they not being included within the proviso, and here we apprehend the maxim, *expressio unius est exclusio alterius*, applies. The framers of the constitution having thus referred to "credits" and

"stocks," as separate species of property, for the purposes of taxation, and having provided different limitation as to each, they must, for such purposes, be treated separately and distinctly. It may further be observed that, according to the terms of Section 3, every species of property in the State, except, of course, such as is exempt, must be taxed "according to its value in money," by a uniform and equal rate of assessment," and a "just valuation" which must be provided for by the Legislature, and the injunction for this is, "so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property."

In *Judge* v. *Spencer*, 15 Utah, 242, where the question was whether mortgages were taxable, this court, after considering Section 2, and referring to Section 3, said:

"This provision made it incumbent upon the Legislature to provide a uniform system by which every species of property within the State, not exempt by the organic law, should equally and ratably bear its due proportion of the public burden, and the Legislature had no power to exempt property not exempt under the constitution. The intention manifest from the several provisions of that instrument, respecting revenue and taxation, is not only that previous territorial legislation, as to such exemptions, should be repealed, but also that no power should exist in the State government to grant exemptions other than those mentioned in the constitution."

It will also be seen upon examination that in neither of the constitutional provisions, is there any direct reference, with respect to taxation, to corporate property situate without the limits of the State, nor is there any provision for the deduction of debts from stocks, and, as in the organic law, "credits" and "stocks" of corporations are treated as separate species of property, and the Legislature

is commanded to provide by law uniform and equal rates of assessment and for just valuation of every kind of taxable property within the State, it becomes important to ascertain what the statute law, respecting the matters under consideration, is.

Sec. 2506 R. S., requires all property to be "assessed at its full value," agreeably to Section 2 of the constitution.

Sec. 2507, *Id.*, reads: "The stockholders in every bank or banking association organized under the authority of this State or of the United States, must be assessed and taxed on the value of their shares of stock therein, in the county, town, city, or district where such bank or banking association is located, and not elsewhere, whether such stockholders reside in such place or not. To aid the assessor in determining the value of such shares of stock, the cashier or other accounting officer of every such bank must furnish a verified statement to the assessor showing the amount and number of shares of the capital stock of each bank, the amount of its surplus or reserve fund or undivided profits, the amount of investments in real estate, which real estate must be assessed to said bank and taxed as other real estate, and the names and places of residence of its stockholders, together with the number of shares held by each."

In this case there is no contention that the tax was not assessed, nor that no statement was furnished the assessor as provided.

Sec. 2508, *Id.*, reads:

"In the assessment of the shares of stock mentioned in the next preceding section, each stockholder must be allowed all the deductions and exemptions allowed by law in assessing the value of other taxable personal property owned by individual citizens of this State, and the assess-

ment and taxation must not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this State.''

Under this provision every stockholder of a bank, whether a resident or non-resident of this State, is entitled to and must be allowed all the deductions and exemptions, in the assessment of his shares, as are allowed in the taxation of other taxable personal property owned by a resident citizen, and the rate must not be greater than is assessed upon other moneyed capital in the hands of such a citizen.    There is, however, nothing in this provision authorizing the deduction of debts from the value of stocks in the hands either of a resident or non-resident individual.    The only deductions authorized are debts from credits.    '' The term ' credit ' means those solvent debts, secured or unsecured, owing to a person.''    Sec. 2505, Subd. 6, R. S.: '' The term ' debts ' means those secured or unsecured liabilities owing by a person.'' Subd. 7, Sec. 2505, *Id.*    Nor can the words, '' moneyed capital,'' employed in Section 2508 have the effect to enlarge the meaning of the term '' credits,'' as used in the constitution and statute, so as to include bank stocks, and then permit the deduction of debts from the value of shares in national banks.    Nor can those words have such an effect as to any other corporation.    As we have seen, stocks are not credits within the meaning of the constitution.    Stock is not an indebtedness due the owner, but simply an interest in the assets or property of the corporation.    *Niles* v. *Shaw,* 50 Ohio St., 370; *Bridgman* v. *City of Keokuk,* 72 Ia., 42.

Sec. 2509, *Id.*, provides:

'' In making such assessment, there must also be deducted from the value of such shares, such sum as is in the same proportion to such value as the assessed value of

21 Utah — 22.

the real estate of such bank or banking association in which such shares are held, bears to the whole amount of the capital stock, surplus, reserve, and undivided profits of such bank or banking association.''

Here is a provision which permits a deduction from the value of the shares in banking institutions, of the value of the real estate, where such real estate, held by the bank and represented by such shares, has been taxed. Real estate, so held, is assessed to the bank and taxed the same as real property held by an individual is taxed to him, and therefore its value is deducted from the value of the shares so as to avoid double assessment.

This is in harmony with Section 2 of the constitution, above considered.

The remaining section of the Revised Statutes, material in this case, is 2518, which, among other things, provides that, ''in making up the amount of credits which any person is required to list he will be entitled to deduct from the gross amount of such credits the amount of all *bona fide* debts owing by him.'' This accords with Section 3 of the constitution, which authorizes a deduction of debts from credits.

Thus, from an examination of the several constitutional and statutory provisions, respecting the subject of taxation, it is evident that the only deductions which are authorized in the assessment of the shares of stock of any national bank, or other corporation organized and doing business in this State, are deductions, from the value of the shares, of the value of the real estate which is represented by the stock and which has been assessed; and deductions of *bona fide* debts from credits. It is also clear that moneyed capital invested in national banks is placed precisely upon the same basis as moneyed capital invested in other banks, and that there is no unfriendly discrimination in favor of State corporations.

In the case at bar, deductions were made, from the value of the stock, of the value of all real estate owned by the bank which is situate within the limits of the State, but deductions for its real estate, situate without the State, were refused by the assessor and board of equalization, but the court below ordered that the value of the real estate situate in other States should also be deducted from the value of the stock.   In this we think the court erred.

It is true the bank is a corporation organized under the Banking Act of the United States, but it is located in this State, and is conducting its business here.   All of its property, therefore, not exempt, situate or held, owned and used within this jurisdiction, is within the taxing power of this State.   The power of taxation extends to every species of property which exists within the limits of the State by its authority, or which is introduced by permission of the State, unless such power be excluded expressly or by necessary implication.   A national bank, although a United States institution and subject to its control, is taxable in the State where located, by consent of Congress, as will hereinafter be seen.

The property of the respondent bank, being thus within the taxing power of the State, it must be taxed as provided by our laws, the same as other property, and, as we have seen, our constitution and statutes provide that all taxable property shall be taxed according to its value in money, which has been construed to be at its full cash value, and banking corporations are to be taxed on the value of the stock at the place where the corporation is located and not elsewhere.   Now, if the value of its real estate situate in other States, where this State has no jurisdiction, is to be deducted from the value of the stock, how can the stock of the bank be taxed at its cash value? Yet stock is property within the meaning of the constitu-

tion and statute. When its real property situate within the State is taxed, then its value should be deducted from the value of the stock which represents such real property, for otherwise there would be a double assessment, in that the same property would be taxed as other real estate and also as represented by the stock. In such case all the property is still taxed at its full cash value, but this is not so as to real estate situate in another State which can not be taxed here. Under the power of taxation, property must be treated as it exists here, without reference to that of another State, where we have no jurisdiction whatever. Stock of a bank or corporation located in this State, being property within the meaning of our revenue laws, must be treated as such.

Suppose, for instance, three fourths of the property in value of the bank were situate in another State, and its stock here was worth one hundred cents on the dollar, and for the purpose of taxation, the value of such property were deducted from the value of the stock, could it be said that the stock was assessed at its cash value?

The shares of stock of such a corporation are subject to State control in respect to the right of taxation, and therefore every person who takes them must take them subject to such control, and it matters not whether he be a resident or non-resident. The State has a right to fix a particular *situs* as to such stock for the purposes of taxation, and its value for such purposes can not be diminished by deducting therefrom the value of property, not situated or taxable within the State, and over which the State can exercise no control. The bank therefore had no right to have the value of its real estate situate without the State deducted from the value of the stock. "The true criterion, as fixed by the statute, is the true value of the stock, without reference to the question where, or in

what manner or nature of property or security the capital stock may be invested. Whether that be invested in real estate or other property, beyond the jurisdiction of this State, the latter having control over the shares and their true value, the peculiar nature and value of the investment of the capital stock of the corporation, beyond the limits of the State, can form no proper subject for specific deduction or abatement from the true value of the shares of stock, when presented to be assessed for purposes of taxation.

"It is exclusively with the shares of stock, and their true value, as representing the entire corporate assets, that the Tax Commissioner has to deal, and not with the nature and locality of the investment of the capital stock of the corporation, except as to the real estate of the company situate within this State." *American Coal Co.* v. *County Commrs.*, 59 Md., 185; *Dwight* v. *Mayor*, etc., 12 Allen, 316; *Nevada Bank* v. *Sedgwick*, 104 U. S., 111; *Kelley* v. *Rhoads*, 51 Pac. Rep., 593.

The question remains whether the individual stockholders were entitled to have their debts deducted from the value of their stock, or rather whether the bank was entitled to have such deductions made from the valuation of the capital stock.

"It appears that individual debts owed by resident shareholders were deducted from the value of their shares, but such deductions were refused non-resident shareholders by the assessing officers. The court, however, allowed the deductions also to be made as to non-residents. Certainly, if shareholders who are residing in this State are entitled to deduct their debts from the value of their shares, those who are residing in another State are likewise entitled. The law permits no discrimination between the two classes of shareholders in national banks, and the

distinction attempted to be made by the assessing officers
would be a clear and unjust discrimination in favor of
resident owners of stock, and it would be difficult to
assign any good reason therefor, for the non-resident, the
same as the resident stockholder, may have debts which
he owes in this State, and the capital of both alike is
invested in the bank. No such discrimination is toler-
ated by the laws of this State or of the United States.
Aside from the fact, however, that no such unfriendly dis-
crimination can be permitted, by what authority can any
such deduction be made whether the stock be held by a
resident or non-resident? In vain have we searched the
constitution and statutory provisions of this State, relat-
ing to the subject of taxation, for the existence of such a
power, and none has been pointed out by counsel on either
side. The constitution provides for the deduction of
'debts' from 'credits,' but as we have seen, that
provision does not authorize a deduction of 'debts'
from 'stocks.' Stocks are not credits any more than
credits are stocks, within the definition of the statute re-
specting the term 'credit.' As has already been ob-
served, 'credits' and 'stocks,' under our system of
taxation, are separate and distinct species of property.
Neither one includes the other, and as the framers of our
constitution have seen fit to single out and mention 'cred-
its' as the kind of property from which 'debts' might
be deducted, they have expressed an intention to pro-
hibit the deduction of debts from any other species of
property. The expression of the one excludes every other
kind. No doubt the banking corporation in its capacity
as an artificial person — as a distinct entity — has the
right to have its debts, contracted by it in the conduct of
its banking business, deducted from its credits or the
moneyed capital employed, for that is necessary to de-

termine the real value of the stock, which value amounts simply to what can be realized from the property of the corporation after its obligations are paid.    This will reduce the value of the credits or capital in the amount of the debts, and as the value of the credits or capital enters into the value of the shares, the value of the shares will be proportionately reduced for the purpose of the assessment.    In this way the individual shareholder receives the benefit of the deduction of debts from credits, and such is the only way in which he is entitled to any deduction from the value of his stock.    But the law does not authorize the bank to deduct debts disconnected from the banking business, nor the bank or shareholder to have his individual debts deducted from the value of his shares of stock.    The debts incurred in the conduct of the corporate business are deducted from the credits or moneyed capital, so that the actual value of the capital employed may be determined and the taxes levied thereon."

Under the system of taxation prescribed by the constitution and statutes of this State, a banking corporation, State or national, has the same immunity, from excessive taxation and the same right to deductions of debts from credits, as any other corporation or any private person has, but "to place the holder of national bank shares into the class of bankers, and treat his shares as stocks until the net value is fixed, and then change his stock into a credit, and take him out of the class of bankers and place him into the class of private individuals, so as to enable him still further to reduce his stock thus changed into a credit, by deducting therefrom his legal *bona fide* debts, would be discriminating in favor of such national bank shareholder, and would be giving him two chances to escape taxation, while other bankers and private individuals have but one."    *Chapman* v. *National Bank of Well-*

*ington*, 56 Ohio St., 310; *National Bank of Wellington*
v. *Chapman*, 173 U. S., 205; *Dutton* v. *National Bank*,
53 Kan., 440; *Bressler* v. *County of Wayne*, 32 Neb.,
834; *People* v. *Dolan*, 36 N. Y., 59; *National Bank* v.
*King County*, 9 Wash., 608; *First Nat. Bank of St. Jo-
seph* v. *Tp. of St. Joseph*, 46 Mich., 526; *First Nat.
Bank* v. *Chehalis County*, 6 Wash., 64; *Williams* v.
*Weaver*, 75 N. Y., 30; *McVeagh* v. *City of Chicago*, 49
Ill., 318.

Nor are the provisions of our constitution and statutes,
respecting taxation, in conflict with Section 5219 of the
Rev. Stat. of the United States, which reads as follows:

" Nothing herein shall prevent all the shares in any as-
sociation from being included in the valuation of the per-
sonal property of the owner or holder of such shares, in
assessing taxes imposed by authority of the State within
which the association is located; but the Legislature of
each State may determine and direct the manner and place
of taxing all the shares of national banking associations
located within the State, subject only to the two restric-
tions that the taxation shall not be at a greater rate than
is assessed upon other moneyed capital in the hands of
individual citizens of such State, and that the shares of
any national banking association owned by non-residents
of any State shall be taxed in the city or town where the
bank is located, and not elsewhere. Nothing herein shall
be construed to exempt the real property of associations
from either State, county, or municipal taxes, to the same
extent, according to its value, as other real property is
taxed."

In this section the Legislature of every State is given
express power to include within the subjects of taxation
the "shares of national banking associations located
within the State," subject, however, to the restrictions

that such shares shall not be taxed at a greater rate than "other moneyed capital in the hands of individual citizens of the State," and that those owned by non-residents "shall be taxed in the city or town where the bank is located, and not elsewhere."

Examination and comparison will show that the several sections of the constitution and revised statutes of this State, hereinbefore construed, are entirely in harmony with the federal statute. No purpose to discriminate against shareholders in national banks is manifest. The taxation of the shares and property of the two classes of banks, State and national, is precisely the same, and such shares and property are taxed at no higher rate than is the property of other corporations and of individuals. The assessment of all taxable property, whether of corporations or individuals, must be at its full cash value. Nor is it shown that the system of taxation pursued in this State discriminates in any way material in its practical operation, against the holder of shares in national banks.

Under our laws such shares, the same as shares in State banks or other corporations, are known as stocks or investments in stock, and are not credits from which debts can be deducted. Such stocks are not to be assessed at a different rate in one institution than in another. Stocks in national banks, in incorporated State banks and in unincorporated banks are all subject to the same system of taxation, and we perceive no discrimination in favor of either class; nor as against either of those classes in favor of private taxable property. By enacting the federal statute, Congress doubtless intended to establish a national banking system, so as to obtain a secure and uniform currency for the people and facilitate the operations of the treasury of the United States. The banks under this system were to be furnished with private capital. The

capital so far as it was security for their circulating notes, was to be invested in United States bonds for the protection of the government and the people. Neither these bonds, nor the shares of stock held by individuals, nor the capital, however invested, nor the banks, were taxable by the States in which the banks were located, without the consent of Congress. Such consent was granted, and power to tax them conferred upon the States by Congress in the statute referred to, subject to the restrictions or limitations therein contained. Those limitations were doubtless necessary to prohibit discrimination in favor of State banks, and individuals doing similar business, and the imposition of burdens which would prevent private capital from seeking investment in the institutions which it was the object of the enactment to establish and promote.

"The main purpose," says Mr. Justice Matthews, in *Mercantile Bank* v. *New York*, 121 U. S., 138, "of Congress, in fixing limits to State taxation on investments in the shares of national banks, was to render it impossible for the State, in levying such a tax, to create and foster an unequal and unfriendly competition, by favoring institutions or individuals carrying on a similar business and operations and investments of a like character. The language of the act of Congress is to be read in the light of this policy."

There is nothing in the federal statute which prohibits the deduction of debts from credits when such deductions do not constitute an unfriendly discrimination against national banks. Nor does the term "moneyed capital," employed in that statute require that, where, as under our system of taxation, debts may be deducted from credits, the individual debts of a shareholder in a national bank must be deducted from the value of the stock. The term

" moneyed capital," as there used, does not include money which does not come into competition with the business of the bank, and debts disconnected from such business can not be deducted from the amount of the capital. Nor can the shares or stock of such a bank be treated as credits. Therefore the refusal, by the assessing officers, on application of the bank, to deduct the individual debts of non-resident shareholders from the value of the stock is not an illegal discrimination against a national bank, and hence no such deduction can be enforced by the bank. *First Nat. Bank of Garnett* v. *Ayers*, 160 U. S., 660; *National Bank of Wellington* v. *Chapman*, 173 U. S., 205; *Aberdeen Bank* v. *Chehalis County*, 166 U. S., 440; *Bank of Commerce* v. *Seattle*, 166 U. S., 463; *Mercantile Nat. Bank* v. *City of New York*, 28 Fed. Rep., 776; *Richards* v. *Incorporated Town of Rock Rapids*, 31 Fed. Rep., 505.

We are of the opinion that the court erred in rendering a decree in favor of the plaintiff. Judgment ought to have been entered in favor of the defendant for costs.

The case must therefore be reversed, with costs, and remanded with instructions, to the court below, to set aside its decree and enter judgment in accordance herewith.

It is so ordered.

MINER, J., and BASKIN, J., concur.