[S. F. No. 4538.   In Bank.—May 12, 1908.]

H. C. CHESEBROUGH et al., as Executors, etc., of Charles: Hanson, Deceased, Respondents, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant.

TAXATION OF SHARES OF STOCK IN DOMESTIC CORPORATION.—Under the provisions of the state constitution, declaring that all property in the state, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, and that the word "property" includes shares of stock, and sections 3617 and 3627 of the Political Code, it is the duty of the assessor to assess shares of stock in corporations organized under the laws of California at their full value, unless there is something in the provisions of such code which exempts them from such taxation.

Id.—Value of Shares of Stock, How Determined—Double Taxation.—Under section 3608 of the Political Code, for purposes of taxation, the shares of stock in a corporation represent the value of the aggregate of the assets of the corporation, and have no value independent of the corporate property, and when all such property is assessed to the corporation it would be double taxation to assess the shares as well as the corporate property. Such result could only follow where all the property of the corporation was assessed to it, and would not result where none, or only a portion of the property of the corporation going to make up the value of the stock, was taxed to it.

Id.—Property Outside of State—No Deduction on Account of.— While the value of the corporate shares is determined by the aggregate value of the corporate property, such property may or may not be within the jurisdiction of the state for purposes of taxation. If it is within the state, and assessed to the corporation, then the shares of stock cannot also be assessed to the stockholders, as that would constitute double taxation. But section 3608 of the Political Code does not exempt such shares from taxation when all the assets of the corporation are not taxed in this state by reason of the fact that some of them are beyond its jurisdiction. Neither is it material that the tangible property of the corporation is situated in some other state and has there been taxed. The fact that some of the property of the corporation is assessed in another state or country is no prohibition of the taxation of the shares of stock held here. The inhibition of double taxation only applies to such taxation in the same state or government.

Id.—Construction of Section 3608 of Political Code — Value of Stock, How Determined. — Section 3608 of the Political Code, properly construed, only means that when the aggregate property of a California corporation is assessed in this state, shares of stock of the corporation shall not be assessed, but that if all such property is not here assessed the actual value of such stock, less the value of the corporate property which is assessed here, shall be taxed. Property of the corporation located outside of the state, and over which the state cannot exercise its sovereign power of taxation, is not to be considered in diminishing the actual value of the stock held here for purposes of taxation. A contrary construction of that section would render it unconstitutional.

Id.—Construction of Statute—Constitutional Law.—When a legislative enactment is capable of two constructions, one consistent and the other inconsistent with the provisions of the constitution, it should be so construed as to make it harmonious with the constitution and comport with the legitimate powers of the legislature.

Id.—Method of Ascertaining Taxable Value.—Sections 3617 and 3627 of the Political Code, defining cash values and declaring that all property should be assessed thereat, provides an adequate method

of ascertaining the taxable value of such shares of a domestic corporation for assessment to the individual stockholders.

ID.—ACTUAL CASH VALUE OF STOCK—DEDUCTION OF VALUE OF CORPORATE PROPERTY IN STATE.—In assessing shares of stock in a California corporation to the individual stockholders, the proper method to be followed by the assessor, in order to avoid double taxation and at the same time to assess the stock at its full cash value, is to deduct the value of the corporate property actually assessed in this state from the value of the shares, and to assess the stock as of the value diminished by the deduction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, W. I. Brobeck, Assistant City Attorney, Jesse H. Steinhart, Assistant City Attorney, Wm. G. Burke, City Attorney, and A. S. Newburgh, Assistant City Attorney, for Appellant.

Jordan, Treat & Brann, Jordan & Brann, and Jordan, Rowe & Brann, for Respondents.

LORIGAN, J.—This action was brought by the plaintiffs as executors of the estate of Charles Hanson, deceased, to recover from the defendant the sum of $5,765.26 paid under protest for taxes on certain shares of stock assessed to said estate. The action arose out of a state of facts set forth in the findings of the court and which in substance are as follows: The Tacoma Mill Company is a corporation duly organized and existing under the laws of this state having its principal place of business in the city and county of San Francisco, with a capital stock of five hundred thousand dollars, divided into ten thousand shares of the par value of fifty dollars per share. Charles Hanson, the deceased, at the time of his death was a resident of the city and county of San Francisco and owned 9,998 shares of stock of said corporation which had an actual par value of $499,900. It was further found by the court that the Tacoma Mill Company owned and possessed property in the state of Washington on the first Monday of March, 1902, at twelve o'clock noon of said day, of the actual value of four hundred thousand dollars and over; that said Tacoma Mill

CLIII Cal.—36

Company further owned and possessed in San Mateo County in this state property which was assessed by the assessor of that county and was of the value of twenty-one thousand one hundred dollars; that said Tacoma Mill Company further owned property in the city and county of San Francisco which was of the actual value of and assessed for one hundred and fifty dollars, making the value of the corporation's California property twenty-one thousand two hundred and fifty dollars. The assessor of the city and county of San Francisco assessed said shares of the Tacoma Mill Company owned by Charles Hanson in his lifetime to his estate at a valuation of three hundred and fifty thousand dollars, and there was levied thereon the amount of taxes for the recovery of which this suit is brought. Plaintiffs paid said taxes under protest and thereafter brought this action for the recovery of the amount so paid. Judgment was rendered against defendant, the superior court holding that the assessment of said stock belonging to the estate of Charles Hanson, deceased, by the assessor of the city and county of San Francisco, and the subsequent collection of the taxes levied thereon by the tax-collector of said city and county were illegal and void acts, in violation of the constitution of the state of California and section 3608 of the Political Code of the state, and constituted illegal and double taxation of the property belonging to said estate. This appeal is taken from the judgment.

We are at a loss to understand upon what legal basis, under the facts in this case, it can be asserted that the assessment of this stock to the estate of Hanson constituted double taxation.

The constitution of this state declares that all property in the state, not exempt under the laws of the United States, shall be taxed in proportion to its value to be ascertained as provided by law, and that the word "property" includes shares of stock. The legislature has declared that taxable property shall be assessed at its full cash value (Pol. Code, sec. 3627), and that cash value means the amount at which the property would be taken in payment of a just debt due from a solvent debtor (Pol. Code, sec. 3617). Under these provisions of the law it is the duty of the assessor to assess shares of stock at their full value, unless there is something in the provisions of the code which exempts them from such taxation. The only section of the code under which it can be claimed that

such exemption exists is section 3608 of the Political Code, which provides: "Shares of stock in corporations possess no intrinsic value over and above the actual value of the property of the corporation which they stand for and represent; and the assessment and taxation of such shares, and also all the corporate property, would be double taxation. Therefore, all property belonging to corporations, save and except the property of national banking associations not assessable by federal statute, shall be assessed and taxed. But no assessment shall be made of shares of stock in any corporation, save and except in national banking associations, whose property, other than real estate, is exempt from assessment by federal statute." The purpose and meaning of this section is, however, plain. Shares of stock represent the value of all the assets of the corporation. (*People v. National Bank of D. O. Mills & Co.*, 123 Cal. 60, [69 Am. St. Rep. 32, 25 Pac. 685].) As the shares of stock represent no value independent of the corporate property, when all such property is assessed to the corporation, it would be double taxation to assess the shares, as well as the corporate property. As said in *Burke* v. *Badlam*, 57 Cal. 601, "To assess all of the corporate property of the corporation and also to assess to each of the stockholders the number of shares held by him, would, it is manifest, be assessing the same property twice, once in the aggregate to the corporation, the trustee of all the stockholders, and again separately to the individual stockholders, in proportion to the number of shares held by each." But, as was said in that case, this result of double taxation could only follow where all the property of the corporation was assessed. It could not apply where none, or only a portion, of the property of the corporation going to make up the value of the stock was taxed. While the value of shares of stock is determined by the aggregate value of the corporation property, the property which goes to make up such value may or may not be within the jurisdiction of this state. If it is within the state and assessed to the corporation, then the shares of stock may not also be assessed to the stockholders, as that would clearly constitute double taxation. But section 3608 cannot be extended so as to exempt such shares from taxation when all the assets of the corporation are not taxed in this state by reason of the fact that some of them are beyond its jurisdiction. Neither

is it of moment that the tangible property of the corporation is situated in some other state and has there been taxed. The fact that some of the property of the corporation is assessed in another state or country is no prohibition of the taxation of the shares of stock held here. This does not constitute taxation of all the property of the corporation within the terms of the section. The inhibition of double taxation only applies to such taxation in the same state or government.

Section 3640 of the Political Code, until repealed and its place taken by section 3608 of that code, provided: "The owner or holder of stock in any firm or corporation, the entire capital or property whereof is assessed, must not be assessed individually for his stock in such firm or corporation." This and section 3608 declared the same legal principle against double taxation. It is held by this court in *City and County of San Francisco* v. *Fry*, 63 Cal. 470, that section 3640, cited above, applied only to corporations whose property is situated in this state. The court there said: "It is further urged that to tax the shares in this state, when the property of the corporations is taxed in the state of Nevada would be double taxation. But the inhibition of double taxation only applies to such taxation made by the same state or government. There is a double taxation or 'duplicate taxation,' as it is styled by Judge Cooley, which is wholly inadmissible under any constitution requiring equality and uniformity in taxation. 'By duplicate taxation in this sense,' says the learned author above named, 'is understood the requirement that one person, or any one subject of taxation, shall directly contribute twice to the same burden while other subjects of taxation belonging to the same class are required to contribute but once.' (Cooley on Taxation, p. 164.) It will be seen that, in this state, the shares of the corporation alone are taxable. Its property is not here assessed. Conceding that taxation of the shares and property of a corporation by the state of California would be double taxation, there is here no taxation of that kind."

In the case of *City and County of San Francisco* v. *Flood*, 64 Cal. 504, [2 Pac. 264], it is also declared: "As to sections 3640 and 3641 of the Political Code, relied on to show that the shares above mentioned are not taxable, in our opinion section 3640 by its express terms only exempts the shares

from assessment where the entire capital or property of the corporation in which the shares are owned is assessed, and it does not appear that the corporation or corporations, in which the shares here assessed were owned, were assessed at all during the fiscal year for which the assessment herein was made."

There is no difference between the former section 3640 and the present section 3608 as far as the application of the doctrine there laid down is concerned. Under either section the exemption of the stock of a corporation from taxation only exists where there is assessed in this state to the corporation all the property thereof, the value of which is represented by the shares of stock. Section 3608, while declaring that no shares of the stock shall be assessed, is to be read in the light of the preliminary language of the section declaring the reason why it should not be, and was intended to mean only, that as shares of stock represent the value of the property of the corporation, so when all the property of the corporation in the state is taxed it would be double taxation to assess both, and that where all the property of the corporation was assessed the shares of stock should not be. It was. not meant or intended that if less than the aggregate value of the property of the corporation was assessed in this state, that the actual value of the corporate stock in excess of the value of the corporate property so assessed should not be taxed here. It means only that when the aggregate property of the corporation is assessed in this state, shares of stock of the corporation shall not be assessed, but that if all such property is not here assessed, the actual value of such stock, less the value of the corporate property which is assessed here, shall be taxed. Property of the corporation located outside of the state and over which the state cannot exercise its sovereign power of taxation is not to be taken into consideration in diminishing the actual value of the stock held here for purposes of taxation. In the case of *Commercial National Bank* v. *Chambers*, 21 Utah, 324, [61 Pac. 560], in the constitution of which state provisions are found relative to the taxation of stock such as are in our constitution, it is. said: "In the case at bar deductions were made from the value of the stock of the value of all real estate owned by the bank which is situate within the limits of the state, but

·deductions for its real estate without the state were refused by the assessor and board of equalization, but the court below ordered that the value of the real estate situate in other states should also be deducted from the value of the stock. In this we think the court erred. . . . The state has a right to fix a particular *situs* as to such stock (corporate stock) for the purposes of taxation, and its value for such purposes cannot be diminished by deducting therefrom the value of property not situated or taxable within the state, and over which the state can exercise no control. The bank, therefore, had no right to have the value of its real estate situate without the state deducted from the value of the stock. 'The true criterion, as fixed by the statute, is the true value of the stock, without reference to the question where, or in what manner or nature of property or security, the capital stock may be invested. Whether that be invested in real estate or other property beyond the jurisdiction of this state, the latter having control over the shares and their true value, the peculiar nature and value of the investment of the capital stock of the corporations beyond the limits of the state can form no proper subject for specific deduction or abatement from the true value of the shares of stock when presented to be assessed for purposes of taxation. It is exclusively with the shares of stock, and their true value, as representing the entire corporate assets, that the tax-commissioner has to deal, and not with the nature and locality of the investment of the capital stock of the corporation, except as to the real estate of the company situate within this state.' (*American Coal Co.* v. *Allegany County,* 59 Md. 185; *Dwight* v. *Boston,* 12 Allen, 316, [90 Am. Dec. 149]; *Nevada Bank* v. *Sedgwick,* 104 U. S. 111, [26 L. Ed. 703]; *Kelly* v. *Rhoads,* 7 Wyo. 237, [75 Am. St. Rep. 404, 51 Pac. 593]; affirmed in 9 Wyo. 352, [87 Am. St. Rep. 659, 63 Pac. 935].)" (See same cases, 188 U. S. 1, [23 Sup. Ct. 259]; *Commercial Nat. Bank* v. *Chambers,* 182 U. S. 556, [21 Sup. Ct. 863].)

If section 3608 were to be given any other construction than as heretofore suggested it would be unconstitutional. We have seen that the constitution declares that shares of stock are property and that it requires all property to be assessed in proportion to its value to be ascertained as pro-

vided by law.   Shares of stock when held in this state by our citizens are subject to the taxing power of the state as personal property following the person of the owner and are taxable at their full value, and under the constitutional provisions above referred to they must be so taxed.   No property is exempt from taxation except as declared in the constitution, which, of course, does not include shares of stock.   If section 3608 is to be construed as a direction to the assessor that shares of stock in a corporation are not to be assessed and the effect of that direction is to exempt— when all the property of the corporation is not assessed in this state—shares of stock from taxation, it would be unconstitutional.   (*Crocker* v. *Scott,* 149 Cal. 575-588, [87 Pac. 102].)

For assuming that ten thousand shares of stock in a domestic corporation of the actual par value of one hundred thousand dollars were held in this state and that the assets of the corporation contributing to that value were located, twenty-five per cent thereof in this state assessed to the corporation, and seventy-five per cent located outside of the state and beyond our jurisdiction for taxation purposes, it is quite clear that if the stock held here is not assessed, that seventy-five thousand dollars' worth of property, which the constitution requires should be taxed at its full value, has been exempted from taxation.   Only twenty-five per cent of its value has been taxed by the taxation of the corporate property in this state.   The other seventy-five per cent is represented by the assets outside of the state, and to that extent the actual value of the stock will be exempt from taxation.   Or, to illustrate further, if no property is assessed here to the corporation and the stock cannot be assessed, it necessarily follows that one hundred thousand dollars' worth of property is exempt under the section in question.

If this were the effect which must result from a literal construction of section 3608 it would clearly be unconstitutional as exempting property from taxation which the constitution requires shall be taxed.   But we are not compelled to so construe it.   When a legislative provision is capable of two constructions, one consistent and the other inconsistent with the provisions of the constitution, it is a

well-recognized principle of construction that the statute should be given that construction which will make it harmonious with the constitution and comport with the legitimate powers of the legislature. (*People* v. *Frisbee,* 26 Cal. 135; *Jacobs* v. *Supervisors,* 100 Cal. 121, [34 Pac. 630]; *In re Mitchell,* 120 Cal. 384, [52 Pac. 799].)

Applying this principle to the section in question in connection with the constitutional provisions requiring the taxation of all property, including shares of stock, at its full value, and it must be taken to mean that when the property of the corporation in the state is taxed directly to the corporation, the shares of stock held here and subject to taxation shall not, to the extent that the property represented by it is taxed, be thus taxed. This exemption can only be extended, however, to deductions from the value of the shares of stock, the corporate property of which is situated in this state and directly taxed to the corporation. It is the purpose of all revenue laws, as nearly as possible, to impose upon all property its just proportion of taxation, and a construction of the statute should not be had which will permit shares of stock, held here of vast value in domestic corporations whose properties are located beyond the state, to escape their just proportion of such taxation.

Under these views the shares of stock of the Tacoma Mill Company held by the estate of Hanson, except to the extent that the property of the corporation in this state was actually assessed and taxed to the company, were taxable to their full value.

It is, however, insisted by respondents that while the constitution has declared shares of stock to be property and to be taxed in proportion to their value, to be ascertained as provided by law, still the legislature has not provided a method of ascertaining the taxable value of such shares as shall be paid by the individual stockholders which does not violate those provisions of our law now in force prohibiting double taxation and requiring that all property shall be assessed at its full cash value.

We do not think this position well taken. While these provisions of the constitution are not self-executing, the legislature immediately subsequent to the adoption of that constitution supplied any deficiency by providing a standard

under which values could be measured by passing sections 3617 and 3627 of the Political Code defining cash values and declaring that all property should be assessed thereat. (*Crocker* v. *Scott*, 149 Cal. 575-588, [87 Pac. 102].)

The method of taxation adopted by the assessor was to deduct from the value of the shares held by the estate of Hanson the value of the corporate property situated in this state and taxed directly to the corporation. This is the only method he could have adopted in order to avoid double taxation of the property which is prohibited by section 3607 of the Political Code, and conforms to the provisions of the sections above cited.

It is made the duty of assessors to assess the property of corporations in the counties where found. (Pol. Code, sec. 3641.) The assessors of San Mateo and San Francisco counties found property of the Tacoma Mill Company within their respective counties, which they assessed to that corporation at its actual cash value aggregating $21,250. The assessor of San Francisco found shares of said Tacoma Mill Company owned by the estate of Hanson in the city and county of San Francisco, which it was his duty to assess at its full cash value (Pol. Code, secs. 3607, 3617, 3627), unless he found, as we have construed section 3608 to mean, that the corporation property which they represented was fully taxed in the state. As he did not find the corporate property so fully taxed it was the duty of the assessor to assess these shares of stock. In doing so it was necessary to avoid a double taxation. Obviously, the only way he could avoid it, and at the same time carry out the mandate of the law requiring the taxation of the property of the corporation and the taxation of the shares of stock at their full cash value, was to deduct the value of the corporate property actually assessed in the state from the value of the shares and tax the stock as of the value diminished by the deduction. Under our view of the construction to be given to section 3608, taking into consideration with it the other provisions of the Political Code and those of the constitution, this was the only legal method the assessor could have adopted to avoid double taxation, and in our judgment was the proper one.

As to whether in adopting this method the shares of stock were assessed at their full cash value. As has been seen

a share of stock represents no value outside of the actual value of the property of the corporation it stands for and represents. (Pol. Code, sec. 3608; *Burke* v. *Badlam,* 57 Cal. 601.) In the cited case of *Burke* v. *Badlam* it is said that "When all the property of the corporation is assessed, then all of the stock of the corporation is assessed and the mandate of the constitution is complied with." (See, also, *Crocker* v. *Scott,* 149 Cal. 575-588, [87 Pac. 102].) These being judicial and legislative declarations on the subject, it necessarily follows as tersely and logically put by one of the counsel for appellants in his brief, "That if the constitutional provision demanding the taxation of the shares of stock at its full cash value is satisfied when no part of the stock is taxed and when all of the property of the corporation is taxed, this constitutional provision must necessarily be satisfied when a part of the stock is taxed and the rest of the tax levied against the corporation property. This is taxation of all the property at its full cash value."

Upon both these propositions urged by respondents we are satisfied that in order to have assessed the shares of stock in harmony with the code and constitutional provisions, the method adopted by the assessor was the only one whereby the full cash value of the shares could be ascertained for the purposes of taxation and to have avoided double taxation. (*Commercial Nat. Bank* v. *Chambers,* 21 Utah, 324, [61 Pac. 560].)

It follows that the trial court was in error in holding that the assessment of these shares of stock as made was violative of either the constitutional provisions, or of section 3608 of the Political Code, or that the assessment of said shares and the levy of a tax thereon constituted double taxation.

As to the order to be made on this appeal. The appeal is from the judgment alone. The judgment involved two causes of action. As to the first, appellant consented to a judgment in favor of respondents in the court below. This appeal involves only the judgment on the second cause of action and to which our consideration has been addressed. In the view we take of it, the judgment should have been entered on the findings by the trial court for the appellant. It is therefore ordered that the judgment as to the first cause of action consented to by appellant in the court below be affirmed. As

to the second cause of action the judgment is reversed with directions to the trial court to enter a judgment upon the findings in favor of the appellant as to said second cause of action. Appellant is also awarded costs on this appeal.

Henshaw, J., Angellotti, J., Shaw, J., and Sloss, J., concurred.